**Carl CRAWFORD, Appellant (Plaintiff below),**

**David A. Ruff, Percy Zimmer, et al. (Plaintiffs below), as electors and taxpayers of the City of Sheridan, State of Wyoming, in behalf of themselves and all other electors and taxpayers of said City,**

v.

**The CITY OF SHERIDAN, Walt Harker, Mayor, R. Q. Smith, City Manager, De Jure or De Facto, Appellees (Defendants below).**

**No. 3240.**

Supreme Court of Wyoming.

May 28, 1964.

Jack Wolfe, Sheridan, for appellant.

Harry F. Schwartz, Sheridan, for appellees.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

Plaintiffs, electors and taxpayers of Sheridan, alleging that the City had appointed Sam Wilson, a resident of Billings, Montana, as Chief of Police of Sheridan in violation of Art. 6, § 15, Wyo.Const., sought an injunction to restrain the City from paying Wilson's salary. Defendants moved to dismiss the action on the ground that under the applicable statutes the position of chief of the police department in "council-manager" forms of municipal government, such as Sheridan, is not a civil or military office within the constitutional provisions; that the action of injunction was not the proper remedy; and that there was no irreparable injury from the payment of the salary in question. The court granted the motion, and the case before us is an appeal from such order.

Appellant says that the sole issue before us is whether or not the office of the chief of police in the City of Sheridan is a mere employment or a "civil * * * office" under the mentioned section of the constitution providing, "No person except a qualified elector shall be elected or appointed to any civil or military office in the state." He cites various authorities tending to show that ordinarily a policeman, and especially a chief of police, is a public official and not a servant or agent. The defendants in response contend that the constitution places upon the legislature the responsibility of providing the forms of municipal government, the qualifications for their officers and employees, the manner of their election, appointment, or employment, and matters incident to tenure, compensation, duties, and responsibilities, and that under the provisions of Title 15, Chapter 4, Article 3, W.S.1957, there is a clear intent that all municipal officers except councilmen, city attorneys, and police justices, are employees of the City rather than officers. They agree that the question of whether or not the position of chief of police comes under the provisions of the constitution is a matter in issue but they urge further that the present proceeding is not a proper remedy for the testing of the main issue. This latter contention is, we think, paramount. It is elementary that in situations wherein a quo warranto proceeding is an appropriate and adequate remedy resort to an injunction is not permissible. La Polla v. Davis, Ohio Com.Pl., 89 N.E.2d 706; 2 High, Injunctions § 1312 (4th ed.); 28 Am. Jur. Injunctions § 43.

Section 1-896, W.S.1957, provides: "A civil action may be brought in the name of the state:

"1. Against a person who usurps, intrudes into, or unlawfully holds or exercises a public office, civil or military, or a franchise, within this state, or an office in a corporation created by the authority of this state;"

Appellant contends that Sam Wilson, holding the position of Chief of Police of Sheridan, is an officer within the meaning of the constitution, and under this philosophy it would appear that his remedy is a compliance with the statutes relating to quo warranto and that a resort to injunction was not permissible.

The order of the trial court was thus correct, and the question which appellant asserts to be the main issue may not here be determined.

Affirmed.