The STATE of Wyoming, on the relation of FREMONT COUNTY VOCATIONAL HIGH SCHOOL DISTRICT, State of Wyoming, a school district and body corporate, and on the relation of Dr. John W. Reng and Carl Browall, Relators,

v.

COMMUNITY COLLEGE COMMISSION of Wyoming, a State commission, J. E. Christensen et al., all as members of the Community College Commission, and their successors in office, Defendants.

No. 3188.

Supreme Court of Wyoming.

July 10, 1964.

Lathrop, Lathrop & Tilker, Carleton A. Lathrop and Carl L. Lathrop, Cheyenne, L. A. Crofts, Lander, for relators.

John F. Raper, Atty. Gen., and Richard T. Anderson, Asst. Atty. Gen., Cheyenne, for defendants.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Relators have sought to invoke the jurisdiction of this court by petition for writ of mandamus against defendants, wherein the community college commission would be commanded that it and each of its members declare individual relators as full members of the commission with all rights and privileges therein under the provisions of § 21–450, W.S.1957, which provides that the commission shall consist inter alia of "the executive head of any junior college or university center and one member appointed by the board of trustees of any school district or high school district maintaining such institution."

The facts are not in serious controversy. Fremont County Vocational High School District, hereinafter referred to as the high

school district, is duly organized under § 21–172 et seq., W.S.1957. Dr. John W. Reng, for all relevant periods, was superintendent of the Fremont County Vocational High School and Carl Browall was a resident of the district and a board member. In the fall of 1960 the officials of the high school district considered the desirability of establishing a junior college after an unsuccessful attempt had been made to establish a junior college in and for Fremont County. On January 10, 1961, the board of trustees of the high school district adopted a resolution purporting to establish the Fremont County Vocational Junior College in accordance with the provisions of § 21–313, W.S.1957, and commencing January 11 the officials entered into certain contracts with teachers and other personnel regarding enrollment and instruction in junior college work, advertised for students, and began negotiations with the college commission and the University of Wyoming officials for accreditation and representation on the community college commission.

Relators' argument is in three facets:

1. That the Fremont County Vocational Junior College was duly organized on January 10, 1961, by the adoption of a resolution of the high school district;

2. That an amendment by the 1961 legislature of § 21–313 was inconsistent with and repugnant to an amendment to § 21–446(h), W.S.1957, by the same legislature and the latter amendment is controlling; and

3. That the mentioned 1961 amendment of § 21–313 was unconstitutional.

We consider the first facet of the argument. The January 10, 1961, resolution provided:

"We, the Board of Trustees of Fremont County Vocational High School, having had sufficient evidence presented to us in the form of a survey by representatives of the University of Wyoming and from numerous people in this community, have decided in compliance with * * * [§ 21–313], to establish and maintain a comprehensive program of vocational, terminal, continuation, and adult education in connection with and utilizing the facilities of the Fremont County Vocational High School. This comprehensive program will temporarily utilize the high school facilities at such times as not used by the high school students. Such a program will be under the direct control of the trustees as duly elected to the Fremont County Vocational High School Board. Be it further resolved that such a program will be seperate [sic] from the high school program and will be hereafter referred to as a seperate [sic] body known as the Fremont County Vocational Junior College.

"The Board of Trustees of the Fremont County Vocational Junior College further define their duties in compliance with * * * [§ 21–315, W.S.1957] as follows: * * * [Thereafter followed an exact copy of the provisions of § 21–315 except the introductory statement reading, "The board of trustees of any school or high school district voting a special levy for the purpose provided for by * * * [§ 21–314, W.S.1957] shall have the authority, in addition to their authority now provided by law."]

"Due to the above facts, we, the Board of Trustees of the Fremont County Vocational Junior College do hereby appoint Dr. John W. Reng as President and hereby direct him to secure such other personnel as may be necessary, to operate such programs as are necessary, and to do so at the earliest possible time.

"We, the Board of Trustees, do unanimously endorse and approve this resolution entered in the Minutes of the Board this Jan. 10, 1961."

 No argument is presented by relators that a junior college could have been established by compliance with § 21–

313 alone. Instead they tacitly admit that the provisions of § 21–315, with which they purported to comply by copying them in the resolution, were "in addition to their authority now provided by law," ignoring the provision that this was available only to "The board of trustees of any school or high school district voting a special levy for the purpose provided for by [§ 21–314]."

■ This is a serious and wholly unjustified omission. Not only must the three sections be read in pari materia in accordance with well established precedent relating to statutory interpretation,[1] but § 21–315 removes all doubt by providing that the activities recited therein are authorized only when there has been a voting of a special levy. Incidentally, § 21–445(d), W.S.1957, as a part of § 1, ch. 146, S.L. of Wyoming, 1951, defined junior colleges and university centers as, "Any junior college or university center established pursuant to * * * [§§ 21–313 to 21–315, inclusive], and continuing to operate under the provisions of said statutes."

Section 21–313, before the 1961 amendment, authorized the district:

"* * * to establish and maintain a comprehensive program of vocational, terminal, continuation, and adult education in connection with the public schools of the district. Such comprehensive program may include instruction in any occupation for which there is need in the community, together with such related instruction and such general terminal instruction as the board of trustees may determine. The offerings shall be open to high school pupils, out-of-school youth or adults and shall be given in the regular high school grades or as post-graduate work."

By no interpretation however strained would this authorize college or junior college instruction. Analysis of §§ 21–313, 21–314, and 21–315, shows that only § 21–315(d) permitted a high school district to engage in college or junior college instruction. That subsection read:

"[The board of trustees of any school or high school district voting a special levy for the purpose provided for by § 21–314 shall have the authority, in addition to their authority now provided by law] To promote the general welfare of the schools of the district for the best interests of education and the district to the end that such district may be fully accredited for two years above high school level of such vocational, general education and academic courses as may be approved by the board of trustees of said district or the University of Wyoming."

■ It follows that the attempted establishment of a junior college by the resolution of January 10, 1961, was not in accordance with the provisions of the statutes and is of no force and effect. The fact that members of the University of Wyoming or the community college commission may have interpreted the statutes otherwise or may have made statements inconsistent with a proper interpretation of the mentioned statutes is immaterial even though it might have justified certain steps taken by relators.

In view of the holding that there was no initial establishment of the junior college in issue, it is unnecessary to discuss the other points raised by relators.

■ Mandamus will not issue unless the right therefor is clear.[2] The petition for the writ is denied.

Denied.

1. Brinegar v. Clark, Wyo., 371 P.2d 62; Mahoney v. L. L. Sheep Company, 79 Wyo. 293, 333 P.2d 712.

2. LeBeau v. State, Wyo., 377 P.2d 302; State v. Gage, Wyo., 377 P.2d 299.