The BOARD OF TRUSTEES OF SCHOOL DISTRICT NO. 3 IN the COUNTY OF NATRONA and State of Wyoming et al., Appellants (Petitioners below),

v.

The DISTRICT BOUNDARY BOARD OF NATRONA COUNTY, Wyoming and the State Committee Established by Organization Law of 1969, Appellees (Respondents below).

No. 4038.

Supreme Court of Wyoming.

Nov. 12, 1971.

Order Filed Dec. 15, 1971.

Robert R. Rose, Jr., Ernest Wilkerson, Casper, for appellants.

John Burk, County Atty., W. T. Schwartz and Robert H. McCrary, Casper, for District Boundary Board of Natrona County, Wyoming.

C. A. Brimmer, Atty. Gen., Donald L. Painter, Special Asst. Atty. Gen., Cheyenne, for State Committee Established by Organization Law of 1969.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

SUPPLEMENTAL OPINION

McINTYRE, Chief Justice.

We have retained jurisdiction in this case since the rendering of our original opinion, which is reported at 489 P.2d 413.

Subsequent to such original opinion, appellees have made application for an order clarifying the status of the countywide unified district in Natrona County. The unified district resulted from a decision of the District Boundary Board of Natrona County and the action of the State Committee for education which approved the decision of the boundary board. Appellants have objected and filed a written resistance to the application of appellees.

Regardless of whether legal and proper steps have been followed in all respects, it is apparent from the filings of both appellees and appellants that the formation of a countywide unified school district in Natrona County is an accomplished fact. We do not say such district is a de jure district. It is nevertheless a de facto district.

■ As stated in 47 Am.Jur., Schools, § 24, p. 314, the legality of the organization of a de facto school district, one operating under color of law, cannot be collaterally attacked, but can be determined only in a direct proceeding brought for that purpose.

In School District No. 21 in Fremont County v. Board of Commissioners of Fremont County, 15 Wyo. 73, 86 P. 24, 25–26, 11 Ann.Cas. 1058, it was held, for purposes of a suit to enjoin payment of a special school tax to a school district, the district must be presumed legally organized and existing; and its existence can be inquired into only in direct proceedings. Although that case was decided in 1906, there is no showing that it has ever been reversed or modified.

It was held in State ex rel. Smith v. Gardner, Mo.App., 204 S.W.2d 319, 322, where a meeting was held and a vote taken to consolidate designated school districts, a de facto consolidated district was created, and officers thereof who were elected at the meeting were de facto officers of the district, regardless of any irregularity in the proceedings.

■ A de facto officer is defined as a person who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law; or an officer in possession of and exercising the powers of the office under the claim and color of an election or appointment, though he is not an officer de jure and may be removed by proper proceedings. Ballentine, Law Dictionary with Pronouncements, Second Edition (1948).

It is stated in 67 C.J.S. Officers § 4, p. 107, one distinction between an officer de facto and an officer de jure is that the former has only color of an appointment or election to the office, while the latter is in all respects legally appointed or elected and qualified to exercise the office as against the world. As sometimes stated, the difference between the authority of a de jure officer and that of a de facto officer is that the former rests on right and the latter rests on reputation.

■ It is settled law in this jurisdiction that quo warranto is the appropriate and exclusive remedy for trying title to public office. State ex rel. Pearson v. Hansen, Wyo., 401 P.2d 954, 956; Marion v. City of Lander, Wyo., 394 P.2d 910, 918, cert. den. 380 U.S. 925, 85 S.Ct. 929, 13 L.Ed.2d 810, reh. den. 380 U.S. 989, 85 S.Ct. 1352, 14 L.Ed.2d 283; Crawford v. City of Sheridan, Wyo., 392 P.2d 519, 520.

It is asserted in appellees' application for clarification that School District No. 1, the countywide unified district, is the only school district that has been operating in Natrona County since January 30, 1971, and such school district has been and is now administering the educational needs of all the pupils of Natrona County, which involves over 14,000 pupils, 700 teachers, and 100 custodial and maintenance personnel, with a monthly payroll in excess of

$700,000 and an annual budget of over $11,000,000.

The application further states, an election has been held for the board of trustees for the unified district and all areas of the county are represented on such board. Also, that all county, state, and federal departments have recognized such school district and such board as the body charged with the responsibility of educating the children.

Appellants have not challenged or contradicted any of the facts set forth in the application of appellees for clarification. We are not a trial court and cannot make a determination of whether the facts are as represented by appellees. For purposes of this supplemental opinion, however, we will assume, without so deciding, that the facts are as represented by appellees. Such facts are of course subject to challenge in any appropriate action attacking the legality of the organization of School District No. 1; or in any action directly contesting the right of the trustees to hold office.

Although we speak of such possible actions, it is apparent the issues therein would likely become moot before they could be decided. We indicated in our original opinion that the county planning committee can submit unification plans, for approval of the state committee, until December 1, 1971. We also pointed out that the state committee can reject a county plan *only* if it fails to comply with the provisions of Chapter 6 of the Wyoming Education Code. If an approved plan of the county committee has not been filed by December 1, 1971, then the state committee can organize the county into a unified school district.

It is because of the December 1, 1971 deadline for action of the county committee that we have retained jurisdiction in this case. As indicated in the original opinion, we continue to retain jurisdiction until after December 1, 1971.

## Mandamus

In addition to the written resistance of appellants to appellees' application for clarification, appellants have also filed a petition for mandamus. The prayer of this petition is that we direct and mandamus the state committee to suspend and vacate its approval of any plan of the district boundary board which is now effective. The petition states, "thus returning the operation, management, control, and funds of the various elementary school districts and high school districts in and for Natrona County, Wyoming to any trustees of any and all such districts as were in office prior to the time when the Boundary Board Plan was accepted by the respondent State Committee."

Appellants have totally failed to make any showing that former school districts have continued to exist or that the trustees of these former districts have continued in possession of their offices. Indeed, implicit in the petition for mandamus is an admission of the creation of a de facto unified district, and an admission that trustees for the unified district are in office and performing duties as such trustees. Petitioners are asking for the *returning* of the operation, management, control, and funds to trustees of the former school districts.

It is apparent from what we have previously said that the legality of the organization of a de facto school district—one operating under color of law—cannot be collaterally attacked, but can be determined only in a direct proceeding brought for that purpose. Also, we have already said quo warranto is the appropriate and only remedy for trying title to public office.

Our court has long adhered to the rule that mandamus cannot be made to serve the purpose of an ordinary suit; and that mandamus will not lie unless the right therefor is so clear and certain as not to admit of any controversy.[1]

---

1. See LeBeau v. State ex rel. White, Wyo., 377 P.2d 302; State ex rel. Whitehead v. Gage, Wyo., 377 P.2d 299; and State ex rel. Fremont County Vocational High School Dist. v. Community College Commission, Wyo., 393 P.2d 803.

As far as the instant litigation is concerned, it is not clear that mandamus should issue and it must be denied. Apparently, School District No. 1, the county-wide unified district for Natrona County, is the only school district in existence in the county. Even though it be de facto, it must continue to operate and control school affairs until it either becomes de jure or until a de jure district supersedes it. Also, even though the trustees of the unified district are de facto trustees, it is necessary for them to continue as such until they become de jure officers or until de jure trustees replace them.

It is true we directed in our original opinion that appellee state committee shall suspend or vacate, at least until December 1, 1971, its approval of the plan of the district boundary board. It now appears, however, from showings subsequently made to us, that such action would leave Natrona County without any school district or districts, de jure or de facto; and that such action would leave the county without school trustees, de jure or de facto.

Hence, we now rescind our previous direction that the state committee suspend or vacate its approval of the plan of the district boundary board. Regardless of whether the state committee's approval of the district boundary board plan was proper in all respects, it at least afforded the necessary color of law to make the unified district a de facto district and to make the trustees thereof de facto officers.

Jurisdiction still retained.

PARKER, J., concurring in the result.

## ORDER

The court having issued an original opinion in this case on October 7, 1971, 489 P. 2d 413, and a supplemental opinion on November 12, 1971, wherein jurisdiction was retained until after December 1, 1971; and it now appearing no further decision or opinion from this court has been demanded or is required:

It is ordered that the case be remanded to the district court with instructions for it to remand the same on to the State Committee Established by Organization Law of 1969, for such further proceedings, if any, as may be necessary or proper, not inconsistent with the opinions of our court.