**Thomas HANKINS et al., Appellants (Plaintiffs below),**

v.

**The DISTRICT BOUNDARY BOARD OF NATRONA COUNTY, Wyoming, et al., Appellees (Defendants below).**

**No. 4117.**

Supreme Court of Wyoming.

Nov. 2, 1972.

Harry E. Leimback and Ronald W. Hofer, of Leimback, Aspinwall & Hofer, Casper, for appellants.

William T. Schwartz and Robert H. McCrary, Casper, for appellees Natrona County School Dist. and Board of Trustees.

Clarence A. Brimmer, Atty. Gen., and Jerome F. Statkus, Sp. Asst. Atty. Gen., Cheyenne, for appellee State Committee Established by Organization Law of 1969.

John Burk, County and Pros. Atty., Casper, for appellees The Dist. Boundary Board of Natrona County, Wyoming, and Tom Sutherland, County Assessor of Natrona County, Wyoming.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

McINTYRE, Chief Justice.

In Board of Trustees of School District No. 3 v. District Boundary Board, Wyo., 489 P.2d 1393, 1394, we held, regardless of whether legal and proper steps had been followed in all respects, it was apparent the formation of a countywide unified school district in Natrona County was an accomplished fact. At 489 P.2d 1396, we said such district was the only school district in existence in the county; and even though it be de facto, it must continue to operate and control school affairs until it either becomes de jure or until a de jure district supersedes it.

Section 21.1–214, W.S.1957, 1971 Cum. Supp., provides the maximum rate of school district tax that may be levied for all school purposes, exclusive of bond interest and redemption, in any school year. As indicated in subdivision (d) of this section, the maximum in a "unified school district" is two mills higher for combined elementary and high school purposes than it would be in a district that is not unified.

Trustees of the countywide district in Natrona County (the district we have called a de facto district) caused the additional two mills to be levied in 1972, and certain taxpayers in the county are challenging the legality of the 1972 additional two-mill assessment, which was allowable only to a "unified school district." The district court gave summary judgment to the defendants and plaintiffs have appealed.

The suit of plaintiffs started out as one for injunction. The prayer for injunction apparently became moot, however, and plaintiffs sought to make the suit one for recovering taxes which had been paid. Of course, if the assessment was proper and legal, it becomes immaterial whether plaintiffs' suit was for an injunction or to recover taxes paid. Plaintiffs fail in either case, if the assessment is upheld. And we think it must be upheld.

■ Appellants assert a "unified school district" can only be one legally organized under the Wyoming School District Organization Law of 1969. Section 21.1–214 does not say so, however, and we fail to find anything in Chapter 14 (the *School Finances* Chapter) of The Wyoming Education Code of 1969 which so specifies.

Chapter 6 of the code is entitled *School District Organization* and § 21.1–105 (a part of chapter 6) specifies that this *chapter* may be cited as Wyoming School District Organization Law of 1969. The definition of a "unified school district" is set out in § 21.1–107 (a part of Chapter 6), but such definition applies only "as used in this chapter." In Chapter 3 of the code, which is entitled *School Districts In General,* every school district in the state offering an educational program in grades kindergarten or one through twelve is declared to be a "unified school district."

The legislature has not been too precise in its use of the term "unified school district" and we do not intend to be either. We merely suggest appellants have not supported their contention that the legislature intended the additional two mills authorized in § 21.1–214(d) to be available only to a "unified school district" which is legally and properly organized under Chapter 6 of the Wyoming Education Code of 1969.

■ Implicit in our original opinion for the case of Board of Trustees of School District No. 3 v. District Boundary Board, Wyo., 489 P.2d 413, is a recognition that the district boundary board of Natrona County had not legally consolidated all of the school districts in the county into a single countywide district. However, in

our supplemental opinion, at 489 P.2d 1394, we specifically said the formation of a countywide unified school district in Natrona County was an accomplished fact and such district was a de facto school district. If we did not make it clear in our supplemental opinion, we do so now; our intention was to say the school district referred to at that time was a de facto "unified school district."

For appellants now to argue the school district which caused the additional two mills to be levied in 1972 was not legally organized as a unified district under the 1969 school district organization law is a waste of time. That fact is recognized and admitted. The district nevertheless, as we have already held, was a de facto district— and it was indeed a de facto unified district.

We expressly held, in the supplemental opinion we have been referring to, at 489 P.2d 1396, that the state committee's approval of the district boundary board's plan at least afforded the necessary color of law to make the "unified district" a de facto district and to make the trustees thereof de facto officers. We also clearly stated such de facto district must continue to operate and control school affairs until the district either becomes de jure or until a de jure district supersedes it. In the matter now pending, we are shown no persuasive reason for reexamining these holdings, or for saying the de facto district did not in fact operate as a de facto "unified district" within the meaning of § 21.1–214 (d).

In Newton Edwards' book, The Courts and The Public Schools, p. 87, he states it is well settled that the acts of a de facto school district, so far as third parties and the public are concerned, are as valid as the acts of a de jure district.[1] The writer explains this principle of law is founded upon fundamental considerations of public policy.

Regarding the right of a de facto school district to cause the levy of special taxes, we cited in our supplemental opinion at 489 P.2d 1394 the case of School District No. 21 in Fremont County v. Bd. of Com'rs of Fremont County, 15 Wyo. 73, 86 P. 24, 25–26, 11 Ann.Cas. 1058, where it was held, for purposes of a suit to enjoin payment of a special school tax to a district, the district must be presumed legally organized and existing. It has also been held that the validity of bonds or taxes cannot be impeached on the grounds that they were issued or levied by de facto officers. Platte v. Dortch, Ind., 263 N.E.2d 266, 268, reh. den.; State ex rel. and to Use of Waddell v. Johnson, 316 Mo. 21, 296 S.W. 806, 807.

In Awalt v. Beeville Independent School District, Tex.Civ.App.—San Antonio 1949, 226 S.W.2d 913, 917–918, writ ref'd n. r. e., trustees of a former school district purported to act as trustees of a new district. They were held to be at least de facto trustees and action taken by them toward the levying of taxes was upheld.

Of course, we need not confine ourselves to the right of de facto trustees to cause taxes for school purposes to be levied. As we have already indicated in our reference to Newton Edwards' book and footnote 1, the general rule is that *every* act done by a de facto body or by de facto officers is valid and effective, so far as third parties and the public are concerned. See also Hazelton-Moffit Special School District No. 6 v. Ward, N.D., 107 N.W.2d 636, 642.

In addition to authorities cited by us in our supplemental opinion in 489 P.2d 1393, cases are numerous to the effect that acts of de facto officers cannot be collaterally attacked and the proper remedy for such is quo warranto. Instead of disposing of this case, however, by saying a different kind of action would be the appropriate one, we prefer to hold that, re-

---

1. See also People ex rel. Chillicothe Twp. v. Board of Review, 19 Ill.2d 424, 167 N.E.2d 553, 554; Andrulis v. First National Bank of Lake Forest, 4 Ill.App. 3d 436, 281 N.E.2d 417, 420; People ex rel. Scott v. Grivetti, 50 Ill.2d 156, 277 N.E.2d 881, 886; and Platte v. Dortch, Ind., 263 N.E.2d 266, 269, reh. den.

gardless of whether appellants' suit is considered one for an injunction or one for the return of taxes paid, the action of the de facto school district which caused the additional two mills to be levied in 1972 for school purposes in Natrona County cannot be declared invalid or void.

The summary judgment of the district court which denied relief to the plaintiffs must be upheld.

Affirmed.