**Dugal DICKERSON, Domingo Goyhenex, Lavern Kinnison, Donald Pickering, Donald Scantling, and Dan Hanson, Appellants (Plaintiffs below),**

v.

**The CITY COUNCIL OF the CITY OF BUFFALO, Wyoming, the Board of County Commissioners of the County of Johnson, and the Joint Powers Board of Johnson County, Wyoming, and Buffalo, Wyoming, Appellees (Defendants below).**

No. 4883.

Supreme Court of Wyoming.

July 28, 1978.

---

William K. Archibald, of Holstedt & Archibald, Sheridan, for appellants.

ciency and waste to require a completely new trial on not only damages but liability as well.

Greg L. Goddard, Buffalo, for Board of County Commissioners of Johnson County and Joint Powers Board, appellees.

Dennis M. Kirven, of Kirven & Kirven, Buffalo, for City Council of Buffalo and Joint Powers Board, appellees.

Before GUTHRIE, C. J., and McCLIN-TOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

## NATURE OF THE CASE

The appellants, plaintiffs below, are Dugal Dickerson, Domingo Goyhenex, Lavern Kinnison, Donald Pickering, Donald Scantling, and Dan Hanson, who sue in their capacities as taxpayers and residents of Johnson County, Wyoming. The appellees, defendants below, are The City Council of the City of Buffalo, Wyoming, The Board of County Commissioners of the County of Johnson, and The Joint Powers Board of Johnson County, Wyoming and Buffalo, Wyoming.

In this action, appellants filed a complaint praying for an order of the court which would declare

(1) an intergovernmental agreement between the Town of the City of Buffalo, Wyoming, and County of Johnson, State of Wyoming, dated November 5, 1975, to be void;

(2) The Buffalo-Johnson Joint Powers Board is illegally constituted and the officers thereof are holding their offices illegally; and

(3) The City of Buffalo, Wyoming, and County of Johnson, State of Wyoming, will re-establish the Buffalo-Johnson Joint Powers Board in accordance with statutory requirements.

The appeal comes here from an order granting defendants'-appellees' motion to dismiss, which, under Rule 12(b), W.R.C.P., was treated as a motion for summary judgment.

## FACTS

The document concerning which appellants lodge their grievance is an Intergovernmental Agreement dated November 5, 1975, entered into by the Town of the City of Buffalo, Wyoming, and the County of Johnson, State of Wyoming, which contract provides for the creation of a Joint Powers Board pursuant to § 9-1-133, W.S.1977 [§ 9-18.17, W.S.1957, 1975 Cum.Supp.]. The further purpose of the writing is to provide for the construction, maintenance and operation of a criminal justice building. The Agreement was timely signed by both the city and county—approved by the Office of the Attorney General—filed with the Secretary of State, and recorded in the office of the County Clerk of Johnson County, Wyoming.

Pursuant to the Agreement, the Joint Powers Board was formed with membership consisting of the Mayor of the City of Buffalo, the Chairman of the Board of County Commissioners of Johnson County, and one member of the Buffalo City Council appointed by the Mayor with the approval of the City Council, together with one member of the Board of County Commissioners appointed by the Chairman with approval of the Board. The fifth member of the Joint Powers Board was selected by the above-named members of the Board with the approval of the governing body of the City of Buffalo and the Board of County Commissioners of Johnson County. Appellants charge this formation of the Board is in violation of § 9-1-133(a), W.S.1977 [§ 9-18-17(a), W.S.1957, 1975 Cum.Supp.].[1]

---

1. Section 9-1-133(a), W.S.1977 [§ 9-18.17(a), W.S.1957, 1975 Cum.Supp.], provides:

"Joint powers boards.

"(a) An agreement pursuant to this act [§§ 9-1-129 to 9-1-136] may create a joint powers board to conduct a joint or cooperative undertaking. A joint powers board shall consist of not less than five (5) and not more

than ten (10) members, all of whom shall be *qualified electors of the counties in which the board operates.* Members of a joint powers board shall be appointed by the governing bodies of the participating agencies in any proportion or number the bodies feel would adequately reflect their interest. The initial appointments shall be by mutual agreement

The reason the Board is illegally constituted and the members illegally holding office, say appellants, is because prohibited incompatibility results when the City Council and County Commissioners appoint their own members to the Joint Powers Board.

Once formed, the Board entered into agreements with respect to a Criminal Justice Building, yet to be constructed, and, when finished, the building was then leased by the Board to the City of Buffalo and the County of Johnson. On December 1, 1976, the City and County entered into possession of the building.

On March 8, 1977, appellants filed their complaint herein in the District Court for Johnson County, Wyoming, and on May 9, 1977, appellees filed a motion to dismiss, supported by various affidavits. On October 5, 1977, the district judge entered summary judgment in favor of the appellees and against the appellants, and appellants have taken this appeal from this judgment of the court.

## ISSUES ON APPEAL

The issues for review which are identified by the appellants are:

1. The court erred in granting the appellees' motion for summary judgment and failing to grant the appellants' motion for the reason that the Joint Powers Board was illegally formed.

2. The court erred in not directing the Joint Powers Agreement be amended to provide that the Criminal Justice Building will become the property of the City and County when the lease is terminated.

3. The court erred in holding the appellants' action barred by laches.

4. The court erred in holding the appellants' action barred by the doctrine of res judicata.

5. The court erred in holding the appellants had no standing to sue as taxpayers in this declaratory judgment action.

We will affirm the district court in its order granting appellees' motion for summary judgment for the reason that there is no issue of material fact to be determined here since the appellants failed to pursue the correct legal remedy. This being the disposal of the appeal, other issues raised will not be considered.

■ The appellants, in their brief to this court, contend that they have brought this action under the Uniform Declaratory Judgments Act [§§ 1–37–101 through 1–37–114, W.S.1977 (§§ 1–1049 to 1–1064, W.S. 1957, 1975 Cum.Supp.)] to challenge the legal existence of the Buffalo-Johnson Joint Powers Board and the right of the now-sitting board members to hold office. Such an action will lie only in quo warranto brought under the pertinent statutes in the name of the State of Wyoming.

■ When a civil action is brought in this state against one usurping, unlawfully holding or exercising public office, the quo warranto statutes are applicable. Section 1–31–101(a)(i), W.S.1977 [§ 1–896, W.S.1957], provides in relevant part:

"Actions against persons.

"(a) A civil action may be brought in the name of the state:

"(i) Against a person who usurps, intrudes into or unlawfully holds or exercises a public office, civil or military, or a franchise within this state or an office in a corporation created by authority of this state; "

■ When the complaint charges the illegality of the existence of a corporation, § 1–31–102, W.S.1977 [§ 1–897, W.S.1957], is applicable. It provides, in pertinent part:

with staggered terms of one (1), two (2) and three (3) years with right of reappointment. Thereafter, appointments for a full term shall be for three (3) years staggered terms. Vacancies for unexpired terms shall be filled by appointment by the governing bodies of the participating agencies. Members of the board may be removed for cause by the governing bodies of the participating agencies."

"Actions against corporations.

"(a) A like action may be brought against a corporation:

"(i) When it has violated the law governing its creation or renewal; "

The Joint Powers Board is a public corporation as provided for by § 9–1–133(b), W.S. 1977 [§ 9–18.17(b), W.S.1957, 1975 Cum. Supp.], and the Board members were public officers. In 63 Am.Jur.2d, Public Officers and Employees, § 1, Generally, at 625, it is said:

"The term 'officer' is one inseparably connected with an office, and so it may be said that one who holds a 'public office,' as that term is hereinafter defined, is a public officer, and that where there is no office, there can be no public officer. A public officer is such an officer as is required by law to be elected or appointed, who has a designation or title given him by law, and who exercises functions concerning the public, assigned to him by law. . . ." [Footnotes omitted]

The Wyoming statutes direct the procedure for an action in such circumstances. Section 1–31–103, W.S.1977, et seq. [§ 1–898, W.S.1957, et seq.].

The statutes of this state provide, then, that in those instances where the legal existence of a corporation and the right of public officers to hold office are at issue, the remedy is quo warranto. The action must be brought under the pertinent statutes in the name of the State of Wyoming. We have held that where quo warranto is available to try title to public office, the remedy is appropriate, adequate and exclusive. State ex rel. *Pearson v. Hansen*, Wyo., 401 P.2d 954. In *Board of Trustees of School District No. 3, Natrona County v. District Boundary Board of Natrona County*, Wyo., 489 P.2d 413, supplemented 489 P.2d 1393, 1394, we said:

"It is settled law in this jurisdiction that quo warranto is the appropriate and exclusive remedy for trying title to public office. *State ex rel. Pearson v. Hansen*, Wyo., 401 P.2d 954, 956; *Marion v. City of Lander*, Wyo., 394 P.2d 910, 918, cert. den. 380 U.S. 925, 85 S.Ct. 929, 13 L.Ed.2d

810, reh. den. 380 U.S. 989, 85 S.Ct. 1352, 14 L.Ed.2d 283; *Crawford v. City of Sheridan*, Wyo., 392 P.2d 519, 520."

The plaintiffs-appellants failed to pursue the correct legal remedy, and the judgment of the district court is affirmed.

Affirmed.