# IN THE SUPREME COURT, STATE OF WYOMING

# 2026 WY 20

OCTOBER TERM, A.D. 2025

February 13, 2026

TIMOTHY K. NEWCOMB,

Appellant
(Plaintiff),

v.

S-25-0227

CHUCK GRAY, Wyoming Secretary of
State,

Appellee
(Defendant).

*Appeal from the District Court of Albany County*
*The Honorable Misha E. Westby, Judge*

*Representing Appellant:*
Timothy Newcomb, Pro Se.

*Representing Appellee:*
Keith G. Kautz, Attorney General, Mackenzie Williams, Deputy Attorney General, Tabetha Wolf, Senior Assistant Attorney General.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, and JAROSH, JJ, and HIBBEN, D.J.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**HIBBEN, District Judge.**

[¶1]   Timothy Newcomb challenges the district court's order dismissing his complaint for declaratory judgment, which sought a declaration that Section 3 of the Fourteenth Amendment forbids Secretary of State Chuck Gray from holding state office. Concluding Mr. Newcomb failed to state a claim on which relief can be granted, we affirm.

### ISSUE

[¶2]   The dispositive issue is whether Mr. Newcomb's complaint states a claim on which relief can be granted.[1]

### FACTS

[¶3]   In February 2025, Mr. Newcomb filed a complaint for declaratory judgment, alleging Secretary of State Chuck Gray provided aid and comfort to "lethally violent fellow Republican Party insurrectionists of 6 January 2021[.]" Mr. Newcomb stated he is a registered Democratic Wyoming voter and sought for the district court to enter an order removing Secretary Gray from office for violating Section 3 of the Fourteenth Amendment pursuant to *Trump v. Anderson*, 601 U.S. 100, 110–11, 144 S. Ct. 622, 218 L. Ed. 2d 1 (2024). Mr. Newcomb provided no further factual allegations in his complaint, though he attached several documents from a prior proceeding that are irrelevant to this appeal.

[¶4]   In response, the State filed a motion to dismiss, arguing Mr. Newcomb's complaint failed to state a claim on which relief could be granted and failed to plead facts that establish standing. Mr. Newcomb filed two replies that cited Secretary Gray's screening of the movie *2,000 Mules* (2022), the recent shooting of two Minnesota legislators, and several media outlets and websites related to the events of January 6, 2021 at the United States Capitol. Mr. Newcomb also alleged he had a personal interest in the case because Secretary Gray labeled him as a "radical leftist" on a government website and doxed him in retaliation for a previous lawsuit. In response, the State argued the district court's review is limited to the four corners of the complaint and that Mr. Newcomb was improperly attempting to introduce extraneous materials outside the standard of review under W.R.C.P. 12(b)(6).

[¶5]   The district court granted the State's motion and dismissed the complaint on the grounds that Mr. Newcomb failed to state a claim on which relief could be granted and

---

[1] Because we conclude the district court properly dismissed Mr. Newcomb's complaint under W.R.C.P. 12(b)(6), we decline to address the issue of standing.

that he lacked standing to bring the suit. The court declined to review the materials outside of the pleadings. This appeal followed.

## *DISCUSSION*

[¶6]    The district court dismissed Mr. Newcomb's complaint under W.R.C.P. 12(b)(6).

> We review Rule 12(b)(6) dismissals de novo. *Peterson v. Laramie City Council*, 2024 WY 23, ¶ 9, 543 P.3d 922, 926 (Wyo. 2024). "We examine the same materials and apply the same standards as the district court, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the non-moving party." *Williams v. Lundvall*, 2024 WY 27A, ¶ 6, 545 P.3d 431, 433 (Wyo. 2024). "Dismissal is appropriate only if it is certain on the face of the complaint that the plaintiff cannot assert any facts that create entitlement to relief." *Id.* Additionally, we may affirm a district court decision on any basis supported by the record. *Winney v. Jerup*, 2023 WY 113, ¶ 30, 539 P.3d 77, 86 (Wyo. 2023).

*Protect Our Water Jackson Hole v. Wyo. Dep't of Env. Quality*, 2025 WY 36, ¶ 11, 566 P.3d 181, 185 (Wyo. 2025) (citation omitted).

[¶7]    Limiting our review to the facts stated in Mr. Newcomb's complaint, he seeks for this Court to declare that Secretary Gray is ineligible to hold any statewide office and to remove the Secretary from his current position. Mr. Newcomb argues Section 3 of the Fourteenth Amendment requires such action. Mr. Newcomb has failed to state a claim entitling him to the relief he seeks.

[¶8]    Mr. Newcomb has failed to state claim under Section 3 of the Fourteenth Amendment. It states, in part:

> No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof.

2

U.S. Const. amend XIV, § 3. Relying on *Trump v. Anderson*, Mr. Newcomb argues Section 3 is self-executing and can be enforced in state courts as a private right of action without a legislative enforcement mechanism.

[¶9] Section 3 is not self-executing. In *Anderson*, the United States Supreme Court held that states have no power to enforce Section 3 against federal officers. *Anderson*, 601 U.S. at 110. However, the Court explained that states retained the power to "order the processes of [their] own governance." *Id.* at 111 (citation omitted). This includes the sovereign power "to prescribe the qualifications of their own officers" and "the manner of their election[.]" *Id.* (citation omitted). As an example, the Court explained that "after ratification of the Fourteenth Amendment, States used this authority to disqualify state officers in accordance with state statutes." *Id.* (citations omitted). As such, *Anderson* supports that states retain the power to enforce Section 3 against state officers as each state prescribes. *See id.* at 110–11. Because a state must prescribe the manner in which Section 3 may be enforced, it is not self-executing as a private right of action. *See Powers v. State*, 2014 WY 15, ¶ 95, 318 P.3d 300, 327–28 (Wyo. 2014) ("If a constitutional provision is not self-executing, further legislation is required and the legislature may act to implement and qualify the provision."). Therefore, Wyoming may disqualify persons holding state office under Section 3 of the Fourteenth Amendment "in accordance with state statutes" and state law. *See Anderson,* 601 U.S. at 110–11.

[¶10] Mr. Newcomb cannot state a claim to remove Secretary Gray under Wyoming law, which contains only two avenues for removing a statewide elected official other than through an election—impeachment and the remedy of quo warranto.[2] Wyo. Const., art. 3, § 18; Wyo. Stat. Ann. §§ 1-31-101 through 130 (2025). This Court has no subject matter jurisdiction to impeach a state officer where the Wyoming Constitution solely vests such jurisdiction to the House of Representatives. Wyo. Const. art. 3, § 17. Further, Wyo. Stat. Ann. §§ 1-31-103 and -105 state only the attorney general, a county attorney, or a party claiming entitlement to hold public office may bring an action quo warranto. This Court has also held that a declaratory judgment action is not the proper mechanism for obtaining the remedy of quo warranto. *Dickerson v. City Council of City of Buffalo*, 582 P.2d 80, 83 (Wyo. 1978) (citation omitted). Because Mr. Newcomb is not a member of the House of Representatives, the attorney general, a county attorney, or a party claiming entitlement to hold public office under Wyo. Stat. Ann. §§ 1-31-103 and -105, he cannot pursue either avenue, and he has failed to state a claim on which relief can be granted. W.R.C.P. 12(b)(6).

---

[2] "The remedy of quo warranto is employed to determine the right of an individual to hold public office, to challenge a public official's attempt to exercise some right or privilege derived from the state, or to adjudicate title to a public office or state franchise." 65 Am. Jur. 2d *Quo Warranto* § 1 (2025 Update); *see also* Wyo. Stat. Ann. § 1-31-101 through 105.

3

[¶11] Affirmed.