# THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 63

APRIL TERM, A.D. 2026

June 8, 2026

NATUSHA LEWIS,

**Appellant**
**(Plaintiff),**

v.

S-25-0249

BRENDA G. WOLFE,

**Appellee**
**(Defendant).**

*Appeal from the District Court of Fremont County*
*The Honorable Jason M. Conder, Judge*

*Representing Appellant:*
 *James O. Bardwell and Amanda J. Green\* of Woodhouse Roden Ames & Brennan, LLC, Cheyenne, Wyoming.  Argument by Ms. Green.*

*Representing Appellee:*
 *Jay E. Vincent of the Law Office of Jay Vincent, Riverton, Wyoming.  Argument by Mr. Vincent.*

 *\* An Order Allowing Withdrawal of Counsel was entered on April 20, 2026.*

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]  Natusha Lewis challenges the district court's order dismissing her complaint for declaratory judgment, which sought a declaration that her parents held title to a certain piece of real property under a *Judgment and Decree Quieting Title* as tenants in common, not as tenants by the entirety.  The district court concluded Ms. Lewis failed to state a claim on which relief could be granted because her parents owned the property as tenants by the entirety.  We affirm.

## ISSUE

[¶2]  Ms. Lewis raises two issues, which we consolidate and rephrase as:

> Did the district court err when it granted the motion to dismiss on the grounds the *Judgment and Decree Quieting Title* conveyed title to Mr. and Mrs. Wolfe as tenants by the entirety?

## FACTS

[¶3]  Eric A. Wolfe and Brenda G. Wolfe were married, and they are the biological parents of Ms. Lewis.  In 2012, Mr. and Mrs. Wolfe filed suit to quiet title to a piece of real property known as Lot 3, Lost Wells Butte Filing No. 1, in Fremont County (Lot 3).  Mr. and Mrs. Wolfe purchased Lot 3 through a contract for deed, but the owner of the property passed away before she could transfer the title to the property, and none of her heirs opened a probate estate.  The caption of the quiet title suit indicated it was brought by Mr. and Mrs. Wolfe as "Husband and Wife."  In June 2012, the district court entered a *Judgment and Decree Quieting Title* stating:

> 1.  That the Plaintiffs shall be and hereby are **DECREED AND ADJUDGED** to be the owners, free of any mortgage, of the following described real property interests, to wit:
>
> > Lot 3, Lost Wells Butte, Filing #1, Freemont County, Wyoming
>
> 2.  That the Plaintiffs['] title to the above-described interests in this real property is hereby forever quieted against any and all claims, demands or pretentions of the Defendant, her heirs, legatees and devisees, to any right, title, possession, lien interest, or equity in the above-described interest in this real property, and the said Defendant, her heirs, legatees and devisees, or otherwise, are hereby perpetually enjoined and

restrained from setting up or making any claim to or upon the interest in the real property above-described, or any part thereof.

[¶4] Mr. Wolfe passed away on January 19, 2025. On March 21, 2025, Mrs. Wolfe filed an affidavit of survivorship with the Fremont County Clerk, in which she asserted she and Mr. Wolfe owned Lot 3 as "joint tenants by the entirety," and by virtue of her survivorship interest in the property, she was now the sole owner of the property as provided by Wyoming Statute § 2-9-102 (2023).

[¶5] In May 2025, Ms. Lewis filed a complaint seeking a declaration that the *Judgment and Decree Quieting Title* vested ownership of Lot 3 in Mr. and Mrs. Wolfe as tenants in common, not tenants by the entirety, and Mr. Wolfe's undivided half interest passed to his estate upon his death, not to Mrs. Wolfe. Mrs. Wolfe filed a motion to dismiss the complaint. She asserted because the *Judgment and Decree Quieting Title* used the phrase "husband and wife" in the case caption, Wyoming law presumes Mr. and Mrs. Wolfe held title to Lot 3 as tenants by the entirety. She also asserted the four unities necessary to create a tenancy by the entirety were present in this case. She argued Ms. Lewis's complaint had to be dismissed for failure to state a claim. In response, Ms. Lewis asserted the presumption that a conveyance to a husband and wife creates a tenancy by the entirety did not apply in this case because the *Judgment and Decree Quieting Title* was not a "conveyance" under Wyoming Statute § 34-1-102 (2023).[1]

[¶6] The district court held a hearing on the motion to dismiss. After that hearing, the district court entered an order dismissing Ms. Lewis's complaint. The district court found the *Judgment and Decree Quieting Title* was a conveyance as defined by Wyoming Statute § 34-1-102. The district court then applied the language of Wyoming Statute § 34-1-140(b) (2023), which states: "[u]nless the deed specifies another form of ownership, the designation of tenants on an instrument of conveyance or transfer of real property as 'husband and wife,' 'spouses,' or similar language shall be deemed to establish a tenancy by the entirety . . . ." Because the *Judgment and Decree Quieting Title* conveyed Lot 3 to Mr. and Mrs. Wolfe as husband and wife, the district court concluded it created a tenancy by the entirety and dismissed Ms. Lewis's complaint. This appeal timely followed.

## STANDARD OF REVIEW

[¶7] We review a district court's dismissal of a complaint under Rule 12(b)(6) of the Wyoming Rules of Civil Procedure (W.R.C.P.) de novo. *Newcomb v. Gray*, 2026 WY 20,

---

[1] Ms. Lewis seems to have abandoned this argument on appeal, and she challenges only the district court's conclusion that the *Judgment and Decree Quieting Title* created a tenancy by the entirety, not its finding that the order was a conveyance as defined by Wyoming Statute § 34-1-102.

2

¶ 6, 583 P.3d 1213, 1215 (Wyo. 2026) (quoting *Protect Our Water Jackson Hole v. Wyo. Dep't of Env. Quality*, 2025 WY 36, ¶ 11, 566 P.3d 181, 185 (Wyo. 2025)).

> We examine the same materials and apply the same standards as the district court, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the non-moving party. Dismissal is appropriate only if it is certain on the face of the complaint that the plaintiff cannot assert any facts that create entitlement to relief. Additionally, we may affirm a district court decision on any basis supported by the record.

*Id.* (citation modified).  This appeal also involves a question of statutory interpretation, which we review de novo. *Bankers Standard Ins. Co. v. JTEC, Inc.*, 2025 WY 51, ¶ 12, 567 P.3d 1183, 1187 (Wyo. 2025) (citing *Sinclair Wyo. Refin. Co. v. Infrassure, Ltd.*, 2021 WY 65, ¶ 10, 486 P.3d 990, 994 (Wyo. 2021)).

## DISCUSSION

[¶8]    Ms. Lewis asserts the district court erred in applying Wyoming Statute § 34-1-140(b), which was enacted in 2023, rather than applying the common law that was in effect in 2012 when the *Judgment and Decree Quieting Title* was entered.  She asserts under the law that existed in 2012, the instrument transferring title had to contain an express designation to create a survivorship estate.  Ms. Lewis claims such a designation is absent in this case, and if the district court had correctly applied the 2012 version of Wyoming Statute § 34-1-140 to the *Judgment and Decree Quieting Title*, it would have found the document created a tenancy in common.

[¶9]    Ms. Lewis is correct that "[g]enerally, 'retroactive application of a statute to events occurring before enactment of a statute is not favored.'" *Mullinax Concrete Serv. Co. v. Zowada*, 2012 WY 55, ¶ 6, 275 P.3d 474, 476 (Wyo. 2012) (quoting *Johnson v. Safeway Stores, Inc.*, 568 P.2d 908, 914 (Wyo. 1977)).  There is a recognized exception to this rule if the legislature specifically states a statute should apply retroactively. *Id.* at ¶¶ 6–7, 275 P.3d at 476.  Prior to 2023, Wyoming Statute § 34-1-140 stated:

> A joint tenancy or a tenancy by the entirety as to any interest in real or personal property may be established by the owner thereof, by designating in the instrument of conveyance or transfer, the names of such joint tenants or tenants by the entirety, including his own, without the necessity of any transfer or conveyance to or through a third person.

3

Wyo. Stat. Ann. § 34-1-140 (2021). In 2023, the legislature added subsection (b), which states:

> (b) Unless the deed specifies another form of ownership, the designation of tenants on an instrument of conveyance or transfer of real property as "husband and wife," "spouses" or similar language, shall be deemed to establish a tenancy by the entirety under subsection (a) of this section.

2023 Wyo. Sess. Laws 256. When the legislature enacted Wyoming Statute § 34-1-140(b), it stated:

> This act is intended as a clarification of existing Wyoming law. The Wyoming legislature intends to make no substantive change to prior law including, but not limited to, powers, duties, authorities, obligations, administration, confidentiality, remedies or statutes of limitation. This act is not intended to affect the validity of any rule or regulation promulgated prior to the effective date of this act.

*Id.* at § 2. Although this language clearly shows the legislature did not intend to affect the validity of any rules or regulations promulgated prior to the enactment of Wyoming Statute § 34-1-140(b), it also indicates the legislature believed it was codifying existing law, not changing it.

[¶10] Despite this language, Ms. Lewis claims Wyoming Statute § 34-1-140(b) changed the law and did not "codify an already-controlling presumption." A review of our previous decisions shows Wyoming Statute § 34-1-140(b) did codify an already existing presumption. Therefore, even if the district court should have applied the common law that existed in 2012 rather than Wyoming Statute § 34-1-140(b), Ms. Lewis was not prejudiced by this error because application of the common law would have yielded the same result.[2]

[¶11] In *Peters v. Dona*, we recognized "[a] conveyance or devise to two persons, who are husband and wife at the time property vests in them, . . . creates an estate by entireties." 54 P.2d 817, 819–20 (Wyo. 1936) (citation modified).[3] The deed at issue in *Peters*

---

[2] *See* Rule 9.04 of the Wyoming Rules of Appellate Procedure: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded by the reviewing court."

[3] Ms. Lewis asserts a common law presumption in favor of spouses automatically holding property as tenants by the entirety is "fundamentally incompatible" with the Wyoming Married Women's Act, Wyoming Statute § 34-1-108, which was originally enacted in 1882. We rejected this argument in *Peters v. Dona*. We stated: "Tenancy by the entirety, arising from a conveyance to husband and wife, would seem

4

conveyed the property to "Ernest R. and Miriam Peters, husband and wife[.]" *Id.* at 818. We found this language created a tenancy by the entirety and the property was not subject to foreclosure for a mechanic's lien filed solely against Mr. Peters. *Id.* at 818–20.

[¶12] In *Witzel v. Witzel*, we again "accept[ed] the presumption that a conveyance to husband and wife, without saying anything more, intend[ed] the creation of a tenancy by the entireties. . . ." 386 P.2d 103, 105 (Wyo. 1963). However, "[we] also [] recognized that the addition of such words, 'as joint tenants' [could] overcome[] that presumption." *Id.* In *Witzel*, the deed conveyed the property to the parties as "husband and wife, as joint tenants, not as tenants in common . . . ." *Id.* at 104. We recognized our rules of construction required us to give effect to every word in the instrument and give those words their plain and ordinary meaning. *Id.* at 107. We found the deed at issue in *Witzel* expressed a clear intention to create a joint tenancy rather than a tenancy by the entirety.[4] *Id.* at 108. This joint tenancy remained unchanged when the parties divorced. *Id.* at 109.

[¶13] In *Choman v. Epperley*, we again recognized the importance of determining the parties' intention from the language used in the conveyance. 592 P.2d 714, 716–19 (Wyo. 1979). In that case, the deed conveyed a remainder interest "to Mike Choman . . . and Joe Choman, . . . their heirs and assigns forever." *Id.* at 715. After Mike Choman passed away, Joe Choman asserted the deed created a joint tenancy either under common law or because the four unities were present, and Mike's interest in the property passed directly to Joe rather than Mike's estate. *Id.* at 715. We recognized the four unities of time, possession, title, and interest are a "minimum requirement" to create a joint tenancy, but their presence does not "Ipso facto" create one. *Id.* at 715–16. The four unities could also be present at the creation of a tenancy in common, "[i]f the intention to do so is manifest." *Id.* at 716. We acknowledged numerous states had held "[m]anifested intention [w]as the principal determining factor in distinguishing between the creation of a joint tenancy or of a tenancy

---

not to be destroyed by the legislation of several states which secure to the wife the enjoyment of her separate property, according to the better and prevailing opinion in this county." *Peters*, 54 P.2d at 820 (citation omitted). We recognized the purpose of such legislation "was not to destroy the oneness of husband and wife, but to protect the wife's property, by removing it from under the dominion of the husband." *Id.* (citation omitted). We further recognized to construe the statute "as altering the common law any further than [was] necessary to remove" the mischief the Act was designed to cure, "would become in many cases a means of divesting [a woman] of her property, instead of an instrument of protection." *Id.* (citation omitted). We further stated married women's acts were not "intended to weaken or destroy that unity of husband and wife which treats them as equals, but [to] destroy that unity of the two which considers the wife as merged in the husband." *Id.* (citation omitted.)

[4] While there are many similarities between a tenancy by the entireties and a joint tenancy with rights of survivorship, there are two critical differences. First, a joint tenant may convey his or her interest to another person at any time, but a tenant by the entirety may not convey his or her interest without the consent of the other tenant. *See* 41 Am. Jur. 2d Husband and Wife §§ 19, 33 (May 2026 Update). Second, a tenancy by the entirety can only exist between married persons. *See* 41 Am. Jur. 2d Husband and Wife § 18 (May 2026 Update). Therefore, if the parties divorce, a tenancy by the entirety terminates. *See* 41 Am. Jur. 2d Husband and Wife § 32 (May 2026 Update).

in common . . . ." *Id.* (citations omitted). We also discussed whether the conveyance at issue created a joint tenancy as a matter of common law. *Id.* at 217–18. We stated: "Although Wyoming has not, by statute, directly reversed the one[-]time common[-]law presumption favoring joint tenancies, . . . the common law has been 'modified by judicial decisions' to accomplish such reversal." *Id.* at 717–18. After reviewing our previous cases, including *Witzel*, we concluded the express language of the creating instrument is important, and without an express intention to create a joint tenancy or tenancy by the entirety, "a tenancy in common [i]s presumed." *Id.* at 718. We affirmed the district court's judgment which found the instrument created a tenancy in common. *Id.* at 714, 719.

[¶14]   In *Oatts v. Jorgenson*, we affirmed our previous holdings regarding the importance of looking at the language used in the instrument of conveyance. 821 P.2d 108, 114 (Wyo. 1991). We stated, "[j]oint tenancies are not favored in Wyoming, and such an interest will not be presumed in the absence of a clear manifestation, on the face of the instrument, of the intention to create a right of survivorship in the [property]." *Id.* In *Oatts*, the treasury bill the district court was tasked with interpreting was purchased in the names of Phil Oatts or Marilyn J. Oatts or Vicki Jorgenson." *Id.* We concluded this language was insufficient to manifest an intention to create a joint tenancy under Wyoming law. *Id.*

[¶15]   The following rules can be gleaned from the cases cited above. When interpreting any deed or other instrument of conveyance, "the Court should try to give effect to every word stated therein." *Witzel*, 386 P.2d at 107. We give the words their plain and ordinary meaning, and we do not disregard the words used. *Id.* "[T]he intention of the parties is to be ascertained by considering all the provisions of the [instrument], as well as the situations of the parties, and then to give effect [to that] intention, if practicable." *Id.* at 108 (citation omitted). If an instrument is silent as to the type of tenancy created, then we presume a tenancy in common has been created, even if the parties are husband and wife. *See Oatts*, 821 P.2d at 114. However, if an instrument uses other words like "as husband and wife," or "as joint tenants with rights of survivorship," then courts will construe the instrument accordingly. *Witzel*, 386 P.2d at 108–09; *Peters*, 54 P.2d at 819–20; *Oatts*, 821 P.2d at 114–15. A review of the cases cited above shows Wyoming Statute § 34-1-140(b) codified the rule that the use of the words "husband and wife," "spouses" or similar language, in an instrument of conveyance or transfer of real property is deemed to establish a tenancy by the entirety, "[u]nless the deed specifies another form of ownership[.]"

[¶16]   Ms. Lewis argues the *Judgment and Decree Quieting Title* did not manifest an intent to create a tenancy by the entirety because the words "husband and wife" appear in the caption rather than in the "decretal" portion of the order. Citing to federal law from the Ninth Circuit, Ms. Lewis claims that a caption is "merely a procedural identifier that does not define substantive rights." The case cited by Ms. Lewis involved questions about whether a defendant was properly included in the action due to a faulty caption, not the interpretation of a judgment issued in a quiet title action. *See Hoffman v. Halden*, 268 F.2d 280, 303–04 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24

6

(9th Cir. 1962). Many cases involving questions about case captions deal with whether a defect in the caption deprives a court of subject matter or personal jurisdiction. *See Anderson v. Sno-King Village Ass'n, Inc.*, 745 P.2d 540, 545 (Wyo. 1987) (Brown, J. concurring) (citing 5 Wright and Miller, Federal Practice and Procedure § 1321, pp. 457–461 (1969 and Supp. 1987, pp. 169–171)). That is not the issue in this case. Here, we must decide whether the caption can be used when interpreting the type of estate created by a judgment issued in a quiet title action.

[¶17] The *Judgment and Decree Quieting Title* is a conveyance as defined by Wyoming Statute § 34-1-102.[5] As discussed above, when interpreting a deed or other instrument of conveyance, we "try to give effect to every word stated therein[,]" and we do not disregard the words used. *Witzel*, 386 P.2d at 107. Thus, when the instrument at issue is an order resulting from a quiet title action, "every word" in the instrument would include the caption. In this case, the instrument of conveyance uses the words "husband and wife." Under the common law that was in effect in 2012, these words manifested an intent to create a tenancy by the entirety. *See Witzel*, 386 P.2d at 108–09; *Peters*, 54 P.2d at 819–20. Because Mr. and Mrs. Wolfe held title to Lot 3 as tenants by the entirety, Mrs. Wolfe is now the sole owner of Lot 3, and the district court properly dismissed Ms. Lewis's complaint.

## CONCLUSION

[¶18] The *Judgment and Decree Quieting Title* used the terms "husband and wife" when conveying Lot 3 to Mr. and Mrs. Wolfe. Under the law in effect in 2012, this manifested an intent to create a tenancy by the entirety. Mrs. Wolfe became the sole owner of Lot 3 upon Mr. Wolfe's death. The district court properly dismissed Ms. Lewis's complaint for declaratory judgment. Affirmed.

---

[5] Wyoming Statute § 34-1-102 states:

> The term "conveyance", as used in this act, shall be construed to embrace **every instrument in writing by which** any estate or interest in real estate is created, alienated, mortgaged or assigned, or by which **the title to any real estate may be affected in law or in equity**, except wills, leases for a term not exceeding three (3) years, executory contracts for the sale or purchase of lands, and certificates which show that the purchaser has paid the consideration and is entitled to a deed for the lands, and contain a promise or agreement to furnish said deed at some future time.

(Emphasis added).