Paul C. ALBERTS, Appellant
(Petitioner),

v.

The STATE of Wyoming, Appellee
(Respondent).

No. 86-221.

Supreme Court of Wyoming.

Nov. 18, 1987.

Rehearing Denied Dec. 14, 1987.

Leonard Munker, State Public Defender, and Gerald M. Gallivan, Director, Wyoming Defender Aid Program, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and David K. Gruver, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This appeal is by an indigent who was denied the right to counsel in a post-conviction relief proceeding.

We reverse and remand.

On February 26, 1981, appellant Paul C. Alberts was convicted of aggravated robbery, aggravated assault with felonious intent, child stealing, and felony murder. He was sentenced to serve 20 to 30 years, five to ten years, and 20 to 30 years, said terms to run consecutively, and to "life" imprisonment, respectively, in the Wyoming state penitentiary. These convictions and sentences were appealed to this Court and affirmed in *Alberts v. State*, Wyo., 642 P.2d 447 (1982).

On May 28, 1986, Alberts filed a pro se post-conviction relief petition in the district court and an affidavit of indigency which

requested the appointment of counsel. On June 9, 1986, the district court authorized Alberts to proceed as an indigent but declined to appoint counsel until the State had answered his petition. Alberts renewed his request for appointment of counsel through a motion filed July 16, 1986. On July 18, 1986, the district court issued an order denying Alberts' petition for post-conviction relief and appointment of counsel. This is an appeal from that order.

On appeal, Alberts raises the following issues:

"I. WHETHER THE APPELLANT WAS WRONGFULLY DENIED THE ASSISTANCE OF COUNSEL BY THE LOWER COURT'S REFUSAL TO APPOINT UPON REQUEST.

"II. WHETHER THE EVIDENCE SEIZED PURSUANT TO THE SEARCH WARRANT WAS SEIZED IN VIOLATION OF THE 4TH AMENDMENT OF THE FEDERAL CONSTITUTION AND ARTICLE I, SECTION 4 OF THE STATE CONSTITUTION."

The first issue is dispositive, and we address only that issue.

■ Alberts claims that, under the specific terms of § 7–14–104, W.S.1977,[1] he was entitled to court-appointed counsel upon the instigation of post-conviction relief proceedings. He asserts that the court was under a *mandatory* duty to appoint counsel for him if it was satisfied that he had no means for procuring counsel. He states further that § 7–1–110(c)(iii), W.S. 1977,[2] was not applicable because § 7–14–104 of the post-conviction relief statutes was directly on point. He alleges that to apply § 7–1–110 in a context so as to supersede § 7–14–104 would amount to an implied repealer contrary to Wyoming case law.

Sections 7–14–104 and 7–1–110 stated in applicable part as follows:

Section 7–14–104.

"If the petition alleges that the petitioner is unable to pay the costs of the proceeding, and makes affidavit to that effect, the court may order that the petitioner be permitted to proceed as a poor person. If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court *shall* appoint counsel if satisfied that the petitioner has no means to procure counsel * * *." (Emphasis added.)

Section 7–1–110.

"(a) A needy person who * * * is being detained under a conviction of, a serious crime, is entitled:

\* \* \* \* \* \*·

"(c) * * * [T]o be represented by an attorney under subsection (a) of this section [and] is entitled:

\* \* \* \* \* \*

"(iii) To be represented in any other post conviction proceeding that the attorney or the needy person considers appropriate, unless the court in which the proceeding is brought determines that it is not a proceeding that *a reasonable person with adequate means would be willing to bring at his own expense.*" (Emphasis added.)

A needy person was defined in § 7–1–108(a)(iv), W.S.1977,[3] as

"a person who at the time his need is determined is *unable to provide for the full payment of an attorney and all other necessary expenses of representation* [.]" (Emphasis added.)

Recently, this Court was faced with a similar case involving post-conviction relief proceedings and the interpretation of §§ 7–14–104 and 7–1–110. In *Long v. State,* Wyo., 745 P.2d 547, 549 (1987), we stated:

"This court has uniformly said that the word 'shall' *as used in legislation* is

---

**1.** Section 7–14–104, W.S.1977, was amended effective May 22, 1987.

**2.** Section 7–1–110, W.S.1977, was amended and renumbered as § 7–6–104, W.S.1977, *effective* May 22, 1987.

**3.** Section 7–1–108, W.S.1977, was renumbered as § 7–6–102, W.S.1977, effective May 22, 1987.

mandatory, and the rule is constant, also to be applied to courts if not demonstrably invoking the exercise of discretion." (Emphasis in original.)

We went on to state:

"We again follow *Johnson v. Safeway Stores, Inc.*, Wyo., 568 P.2d 908 (1977) and the established principle that repeal by implication is strongly disfavored and will only be applied if clear incompatibility exists in language or purpose. See also *Board of County Commissioners of Teton County v. Teton County Youth Services, Inc.*, Wyo., 652 P.2d 400, 415 (1982). Article 3, § 26 of the Wyoming Constitution provides:

" 'No law shall be revised or amended, or the provisions thereof extended by reference to its title only, but so much thereof as is revised, amended, or extended, shall be re-enacted and published at length.'

"See also § 8-1-104, W.S.1977, entitled 'Identification of laws amended or repealed in amending or repealing acts.' " *Id.* at 551.

The contentions asserted by Alberts in this case for appointment of counsel at the post-conviction relief stage are almost identical to those used in *Long v. State.* We cannot disagree. The plain and clear language of § 7-14-104 dictated that, if a petitioner proved his indigence through affidavit and requested the appointment of counsel so as to receive benefit of one trained in the legal profession, counsel *shall* be appointed to represent him. Section 7-1-110 required that an additional step be taken. That section provided that the court also must determine that the proceeding was one which a reasonable person with adequate means would be willing to bring at his own expense. This amounts to a double standard and in effect an implied repealer of § 7-14-104.

 When one statute provides conditions where, if met, a mandatory result is demanded, another statute cannot impose additional requirements. As stated in *Capwell v. State*, Wyo., 686 P.2d 1148, 1152 (1984), quoting *Nehring v. Russell*, Wyo., 582 P.2d 67, 73 (1978):

" 'Repeals by implication are not favored [and] the party so asserting bears "the burden of demonstrating beyond question that the legislative body by its later action evinced an unequivocal purpose of effecting a repeal." * * * What must be shown is that the latter statute is so repugnant to the earlier one that the two cannot stand together, or that the whole subject of the earlier statute is covered by the latter one having the same object, clearly intending to prescribe the only rules applicable to the subject.' "

In this case, the State does not meet such a burden.

It also has been stated:

"Where the statutes being considered are a special statute and a general statute relating to the same subject, as in this case, the policy against implied repeals has special force, there being a presumption that the special or specific act was intended to remain in force as an exception to the general or broad act." 686 P.2d at 1152.

Section 7-14-104 dealt specifically with post-conviction relief, Chapter 14 being entitled "Remedy for Convicted and Imprisoned Persons Who Assert Violation of Constitutional Rights." Section 7-1-110 was in the chapter specifically designated as "General Provisions" and dealt with the representation by counsel for the needy at many stages in the criminal process. We see no reason why § 7-1-110 should have prevailed over § 7-14-104 as relating to the representation by counsel at the post-conviction relief stage.

Upon careful examination of the 1987 post-conviction relief statutes, we come to the same conclusion. Section 7-14-104 now reads:

"If requested in the petition, the court, subject to the provisions of W.S. 7-6-101 through 7-6-114, *shall* appoint the public defender to represent a petitioner who is determined to be a needy person as defined by W.S. 7-6-102(a)(iv)." (Emphasis added.)

Section 7–6–102(a)(iv) [4] of the 1987 statutes uses the same definition for "needy person" as was set out in former § 7–1–108(a)(iv). However, § 7–6–104(c)(iii), [5] which is similar to former § 7–1–110, again states:

"(c) A needy person who is entitled to be represented by an attorney under subsection (a) of this section is entitled:

 \* \* \* \* \* \*

"(iii) To be represented in any post-conviction proceeding or appeal therefrom under W.S. 7–14–101 through 7–14–108 unless the court in which the proceeding is brought determines that it is not a proceeding that *a reasonable person with adequate means would be willing to bring at his own expense.*" (Emphasis added.)

Using the same arguments as those reasoned previously, we conclude that no justification for denial of counsel may be made under the new statute.

Simply stated, in Wyoming if a petitioner for post-conviction relief proves that he is "needy" and requests the appointment of counsel, the court shall appoint one to represent him.

At the time Alberts filed his petition, § 7–14–101(b), W.S.1977, stated in pertinent part:

"Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act [§§ 7–14–101 through 7–14–108]."

In similar fashion, § 7–14–101(b) now reads in pertinent part as follows:

"Any person serving a felony sentence in a state penal institution who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the

United States or of the state of Wyoming, or both, may institute proceedings under this act."

 Before a person seeking post-conviction relief is entitled to an evidentiary hearing, he initially must present a substantial claim with specificity. *Pote v. State*, Wyo., 733 P.2d 1018 (1987). A petitioner seeking post-conviction relief has the burden of showing that he has been denied constitutional safeguards. *Hoggatt v. State*, Wyo., 606 P.2d 718 (1980); *Munoz v. Maschner*, Wyo., 590 P.2d 1352 (1979). To require someone unlearned in the law to file a post-conviction relief petition asserting substantial denial of constitutional rights would, in most cases, be an exercise in futility. Representation by counsel also becomes essential when considering that failure to raise any claim of substantial denial of constitutional rights in an original post-conviction proceeding constitutes a waiver of such claim.[6] Appointment of counsel at the initial stage of the preparation of a post-conviction petition provides for a complete and comprehensive petition which has been prepared by one educated by the study of law to be the foundation upon which the district court may base any decision involving the granting or denying of future post-conviction proceedings. Representation by counsel, therefore, must include the preparation of a post-conviction relief petition.

 In summary, we hold that a petitioner who is without means for procuring counsel is entitled to have court-appointed counsel represent him commencing with the preparation of the petition for post-conviction relief.

Reversed and remanded for the appointment of counsel for the preparation of Alberts' petition for post-conviction relief and for further proceedings as provided by the post-conviction relief statutes.

BROWN, C.J., and CARDINE, J., filed dissenting opinions.

"Any claim of substantial denial of constitutional rights not raised in the original or amended petition is waived."

---

4. See note 3, supra.

5. See note 2, supra.

6. Section 7–14–103, W.S.1977, provides:

BROWN, Chief Justice, dissenting.

I dissent, reaffirming that which is said in my dissenting opinion in *Long v. State*, Wyo., 745 P.2d 547 (1987). In addition to what I said in Long, I note that the petition for post-conviction relief in this case is barred by the statute of limitations. § 7–14–101, W.S.1977, last line.[1] That little dereliction is perhaps of small moment. Since the days of Earl Warren, felons have not been bound by the same laws and rules as the rest of us.

CARDINE, Justice.

I dissent, reaffirming that which is said in my dissenting opinion filed in *Long v. State*, Wyo., 745 P.2d 547 (1987) There is not a mandatory duty to appoint counsel. Sections 7–14–104 and 7–1–110, W.S.1977, when read in pari materia and giving effect to the intention of the legislature, require that the trial court "shall" appoint an attorney, at public expense, for a "needy" post-conviction relief applicant if a "reasonable person with adequate means would be willing to bring [the proceeding] at his own expense."

I would acknowledge and give effect to §§ 7–14–101 and 7–1–110 permitting courts to determine, after appropriate inquiry, when an attorney should be appointed in post-conviction relief. I would reverse and remand for the development of a proper record and trial court determination.

---

1. By court order appellant was given time, beyond the statute of limitations, in which to file his petition. He still did not file it within the additional time allowed by the court.