**Royal Russell LONG,**
**Appellant (Petitioner),**

v.

**The STATE of Wyoming, Appellee**
**(Respondent).**

**No. 86–304.**

Supreme Court of Wyoming.

Nov. 18, 1987.

Leonard D. Munker, State Public Defender, and Carol A. Serelson, Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Sylvia Lee Hackl, Sr. Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This appeal again requires our consideration of an indigent's right to counsel in a post-conviction-relief proceeding. We reverse and remand.

Considering it unlikely for this to be the last time this case will appear on appeal, a brief statement of facts should suffice. Appellant, Royal Russell Long, presents a post-conviction-relief petition under § 7–14–101, et seq., W.S.1977, following his guilty plea to charges of a 1984 kidnapping and apparent homicide of Sharon Baldeagle, age 12, whose body has never been found, as well as sexual assault on another girl, age 15. Six felony charges were filed, and after plea negotiation a guilty plea was entered to two counts of kidnapping and one of aggravated assault, with two life sentences and a concurrent sentence of six to eight years for aggravated assault then given.

About 20 months after sentencing, Long filed this post-conviction-relief petition challenging the validity of the plea, effectiveness of counsel, and numerous correlative matters involved in this well-publicized event. In conjunction with the pro-se petition, Long filed a motion and affidavit to proceed in forma pauperis, a motion for

peremptory disqualification of the presiding judge at sentencing, a motion for appointment of counsel on the basis of indigency, supported by the affidavit to proceed in forma pauperis, and a motion for protective order involving transfer from the Wyoming State Penitentiary during the pendency of the proceeding.

Procedurally, the petition for post-conviction relief in 19 flawlessly typed pages, filed October 15, 1986, was reinforced by attachments from the record and 32 supporting affidavits. Responsively, on October 28, 1986, the office of the Attorney General mailed a motion to dismiss, with a copy to Long, supplemented by a letter to the judge, a copy of which was not sent to Long, stating:

"Enclosed please find a copy of the State's Motion to Dismiss, which has been filed with the clerk. I am sending you this copy for your convenience. Based upon a conversation I had with Mr. J. Scott Evans, I have also drafted and enclosed an order.

"If I may provide you with additional information, or if the order needs to be reworded, please do not hesitate to contact me."

On date of receipt by the judge of October 29, 1986, and obviously before any opportunity for response by Long, by execution of the furnished order the trial court denied relief:

"This matter having come before the court upon Petitioner's Petition for Post–Conviction Relief; the State having moved to dismiss the Petition, and to deny all motions filed concurrently therewith; the Court having reviewed the record and the matters filed herein, and having concluded that no basis is presented upon which post-conviction relief can be granted;

"IT IS HEREBY ORDERED that the Petition for Post–Conviction Relief be dismissed, and that all motions filed concurrently therewith by Petitioner be and are denied."

This appeal, authored by counsel appointed by this court, recites two issues:

1. "Did the District Court err in dismissing Appellant's petition for post-conviction relief?"

2. "Was Appellant denied due process by the failure of the District Court to appoint an attorney to represent him in post-conviction relief?"

We will only address the second issue by remand of the case for the appointment of an attorney for appellant's representation in the district court. Matured consideration in that tribunal should afford a more defined basis for determination as to whether a hearing should be held or any constitutional-right ruling is appropriate under the post-conviction-relief process directed by the legislature to be addressed:

"Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act [§§ 7–14–101 to 7–14–108]. * * *" Section 7–14–101, W.S.1977.

"The petition shall identify the proceeding in which the petitioner was convicted, give the date of the rendition of the final judgment complained of, and shall clearly set forth the respects in which petitioner's constitutional rights were violated. The petition shall have attached thereto affidavits, records, or other evidence supporting the allegations or shall state why the same are not attached. The petition shall identify any previous proceedings that the petitioner may have taken to secure relief from his conviction. Argument, citations, and discussion of authorities shall be omitted from the petition." Section 7–14–102, W.S.1977.

Both statutes then effective are still similarly stated in the new criminal procedure code effective May 22, 1987:

"Any person serving a felony sentence in a state penal institution who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings

under this act. * * * " Section 7–14–101(b), W.S.1977, 1987 Replacement.

"(a) The petition shall state:

"(i) The proceeding in which the petitioner was convicted;

"(ii) The date of the rendition of the final judgment;

"(iii) The facts which show the petitioner's constitutional rights were violated; and

"(iv) Any previous proceedings in which the petitioner has been involved to secure relief from his conviction.

"(b) The petition shall be accompanied by affidavits, records or other evidence supporting the allegations or shall state why the same are not attached.

"(c) The petition may contain argument, citations and discussion of authorities." Section 7–14–102, W.S.1977, 1987 Replacement.

This case is one of four appeals now present or recently considered by this court where the trial court had denied counsel in summary disposition of a petition.[1] The post-conviction-relief statute then in effect provided:

"If the petition alleges that the petitioner is unable to pay the costs of the proceeding, and makes affidavit to that effect, the court may order that the petitioner be permitted to proceed as a poor person. If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel, and such counsel shall receive a fee therefor in an amount fixed by the court, which fee shall be paid out of the state treasury on the warrant of the state auditor from appropriations made for such purpose." Section 7–14–104, W.S.1977.

That statute, amended in the 1987 code, now states:

"If requested in the petition, the court, subject to the provisions of W.S. 7–6–101 through 7–6–114, shall appoint the public defender to represent a petitioner who is determined to be a needy person as defined by W.S. 8–7–102(a)(iv)." Section 7–14–104, W.S.1977, 1987 Replacement.

The statutory definition of a "needy person" is:

"As used in this act:

* * * * *

"(iv) 'Needy person' means a person who at the time his need is determined is unable to provide for the full payment of an attorney and all other necessary expenses of representation;" Section 7–6–102, W.S.1977, 1987 Replacement.

and

"(c) A needy person who is entitled to be represented by an attorney under subsection (a) of this section is entitled:

* * * * *

"(iii) To be represented in any post-conviction proceeding or appeal therefrom under W.S. 7–14–101 through 7–14–108 unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense." Section 7–6–104(c)(iii), W.S.1977, 1987 Replacement.

Since neither the State's motion to dismiss nor the order of the district court substantially addressed the subject of denial of the request for the appointment of counsel, any basis for disregard of § 7–14–104, W.S.1977 cannot be discerned in the appeal record. This court has uniformly said that the word "shall" *as used in legislation* is mandatory, and the rule is constant, also to be applied to courts if not demonstrably invoking the exercise of discretion. *Mayland v. State*, Wyo., 568 P.2d 897 (1977); *York v. North Central Gas Co.*, 69 Wyo. 98, 237 P.2d 845 (1951); *Mau*

**1.** *Whitney v. State*, —— P.2d —— No. 86–266 (decided November 18, 1987); *Alberts v. State*, —— P.2d —— No. 86–221 (decided November 18, 1987); *Bibbins v. State*, Wyo., 741 P.2d 115 (1987).

*v. Stoner,* 14 Wyo. 183, 83 P. 218 (1905); *Territory of Wyoming v. Nelson,* 2 Wyo. 346, 359 (1881).

In the appellee's brief we are now advised, as has been the case in a number of the current appeals, that the imperative requirement of § 7–14–104 was amended by implication by § 7–1–110(c)(iii), W.S. 1977, which has the same phraseology of the definition of a needy person as now applied identically in post-conviction and counsel-appointment statutes:

"* * * [U]nless the court in which the proceeding is brought *determines that it is not a proceeding* that a reasonable person with adequate means would be willing to bring at his own expense." (Emphasis added.) Section 7–6–104(c)(iii), W.S.1977, 1987 Replacement.

Appellant noted on the cover page of the petition for post-conviction relief: "Wahrheit gegen Freund und Feind,"[2] and presented as captioned arguments:

"Petitioner did not knowingly and voluntarily waive his right to a trial by jury: In fact he was coerced and/or intimidated into involuntarily waiving such right,"

and supporting this argument with 32 affidavits;

"The Court's failure to advise the petitioner of the finality of such a plea and the State's willful violation of the agreement has voided any plea bargain;"

"The Petitioner was deprived of his right to effective assistance of counsel;"

and

"Remaining violations intrinsic to this action and Petitioner's preservation by assertion until such time as communication is established;"

with the prayer for relief:

"WHEREFORE, the Petitioner asks this Court to:

"(a). Appoint counsel to represent him.

"(b). Conduct an evidentiary hearing at which proof may be offered concerning factual allegations of this Petition and at which the Petitioner shall be afforded an opportunity to meet his burden of proof with regard to whether the issues raised herein deprived him of his right to a fair trial and warrant a vacation of the judgment.

"(c). Require the State to answer this Petitioner, and to bring forth all portions of the record of this case and transcribe all proceedings which have not previously been transcribed.

"(d). Allow Petitioner sixty (60) days before an evidentiary hearing is held in order to permit the compilation of the necessary documentation and the notification of the necessary witnesses, and allow Petitioner thirty (30) days after the State's answer and after the evidentiary hearing in which to brief the legal issues raised by this Petitioner.

"(e). To promptly determine the accompanying Motions with priority being given to Petitioner's 'Motion for Appointment of Counsel'.

"(f). Declare Petitioner's imprisonment to be in violation of his constitutionally secured rights and to summarily order the judgment to be vacated and that all findings of fact and law to be void and that Petitioner be permitted to plead de novo.

"(g). To declare the plea process in this case and in all similar cases to be constitutionally impermissible and to condemn and thereafter bar the State from further participation in any and all so-called negotiated plea arguments."

Recitation of the foregoing contentions does not imply that factual authentication and constitutional justification exist, since obviously more serious review and evaluation in counseled analysis and court consideration is necessary to determine whether the constitutional-issue purview of the post-conviction-relief statute is properly and adequately presented.

■ For the few remaining cases where prior law applies, this court determines that the right to counsel in post-conviction-relief proceedings statutorily granted was not repealed by implication by enactment of the Public Defender Act for petitions filed before May 22, 1987, by replacing the

---

**2.** Truth against friend and enemy.

statutory right to counsel with a court-assessed "reasonable person with adequate means" test. We again follow *Johnson v. Safeway Stores, Inc.*, Wyo., 568 P.2d 908 (1977) and the established principle that repeal by implication is strongly disfavored and will only be applied if clear incompatibility exists in language or purpose. See also *Board of County Commissioners of Teton County v. Teton County Youth Services, Inc.*, Wyo., 652 P.2d 400, 415 (1982). Article 3, § 26 of the Wyoming Constitution provides:

> "No law shall be revised or amended, or the provisions thereof extended by reference to its title only, but so much thereof as is revised, amended, or extended, shall be reenacted and published at length."

See also § 8-1-104, W.S.1977, entitled "Identification of laws amended or repealed in amending or repealing acts."

■ In addition to Art. 1, § 10 of the Wyoming Constitution, Rule 6, W.R.Cr.P., and the explicit statutory provision in § 7-14-104, consideration of further authorities is instructive but not controlling, since this decision is predicated upon application of state law, and other case law or authoritative analysis is informative but not precedential. See Kamisar, *Betts v. Brady Twenty Years Later: The Right to Counsel and Due Process Values*, 61 Mich.L.Rev. 219 (1962). See also *Douglas v. People*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, *reh. denied* 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 200 (1963); *Chandler v. Fretag*, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954); *Hawk v. Olson*, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61 (1945); *White v. Ragen*, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348, *reh. denied* 326 U.S. 807, 66 S.Ct. 133, 90 L.Ed. 492 (1945); *House v. Mayo*, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed.

739, *reh. denied* 324 U.S. 886, 65 S.Ct. 689, 89 L.Ed. 1435 (1945); *Avery v. Alabama*, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); and Remington, *The Changing Role of the Trial Judge in Criminal Cases —Ensuring that the Sixth Amendment Right to Assistance of Counsel is Effective*, 20 U.C. Davis L.Rev. 339 (1987).[3]

The approach of either the new or the old statute fails justification for counsel denial in the record afforded to us in this case. This court takes the record as presented and will not attempt to notice facts that may have been but that do not here appear. *Nicholls v. Nicholls*, Wyo., 721 P.2d 1103 (1986); *Fiedler v. Steger*, Wyo., 713 P.2d 773 (1986).

It would also be reasonable to conclude, although not necessary for the disposition here made, that a constitutional test by an individual subject to two life-time confinements would realistically not exclude the "reasonable person with adequate means" criterium for indigency counsel-appointment within the five years provided in the statute. Section 7-14-101(c).

Judicial effort to structure a rational process for applying the statutory language in what was § 7-1-110(c)(iii), W.S.1977 and what now is § 7-6-104(c)(iii), W.S.1977, 1987 Replacement, with respect to a determination "that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense," is doomed to futility. This statute affords discretion in the trial court with respect to the appointment of counsel. Discretion exercised by trial courts is informed discretion. *State v. Dieringer*, Wyo., 708 P.2d 1 (1985); *State Highway Commission v. Brasel & Sims Construc-*

---

3. *Pennsylvania v. Finley*, —— U.S. ——, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), a recent case, is in no way contrary to the decision we here make, since counsel was afforded in that case by requirement of the state supreme court under state law, and the resulting subsequent appeal was derived from the United States Supreme Court accepting certiorari from an intermediate state court decision. Without a long dissertation of the absurdity of the position portrayed by the decision rendered, it suffices to note that Chief Justice Rehnquist in majority opinion acknowledged the primacy of state criteria, and Justice Blackmun, in a rational concurrence, reflected that the issue of representation should be resolved under state law. In order to avoid confusion, however, we here restate the "plain statement" test of *Michigan v. Long*, 463 U.S. 1032, 1037–1044, 103 S.Ct. 3469, 3474–78, 77 L.Ed.2d 1201 (1983), in authenticating that this decision on review rests on a bona fide, separate, independent, and adequate state ground based on the Wyoming Constitution and statutory provisions relating to the right to counsel.

*tion Company, Inc.*, Wyo., 688 P.2d 871 (1984); *Hopkinson v. State*, Wyo., 664 P.2d 43, *cert. denied* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983); *Williams v. State*, Wyo., 655 P.2d 273 (1982). Cf. *J. Ray McDermott & Co., Inc. v. Hudson*, Wyo., 370 P.2d 364 (1962). We do not perceive a way that a trial judge can introspectively but objectively develop adequate information about what "a reasonable person with adequate means would be willing" to do in any given instance. Consequently, the standard for the determination is entirely subjective. Discretion premised upon such a standard is unbridled. Reliance upon the subjective standard structures a situation in which no one can establish the applicability of the standard, nor refute the failure to invoke it, nor can this court properly review any decision of the trial judge. See *Williams v. Stafford*, Wyo., 589 P.2d 322 (1979).

The statutory test of indigence is objective and relatively easy to apply. Furthermore, it is easy to recognize a mistake with respect to its application. This court is persuaded that the legislature should settle for the test of indigence and permit counsel to pursue all potential avenues of relief for a convicted indigent. The effort to limit that process by invoking a subjective standard is inefficient and ultimately more expensive while providing less than appropriate protection to the rights of the convicted person. Such a vague standard cannot be sustained under the constitutional requirements of equal protection and due process, and if the case rested only upon that statutory phrase, this court would be required to strike that language as unconstitutional. *Powell v. State of Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Adger v. State*, Wyo., 584 P.2d 1056 (1978); *State v. Gallegos*, Wyo., 384 P.2d 967 (1963); *Day v. Armstrong*, Wyo., 362 P.2d 137 (1961).

Reversed and remanded for appointment of the office of the public defender for representation and proceedings thereafter, in accord with the text and spirit of the post-conviction-relief statutes.

BROWN, C.J., filed a dissenting opinion.

CARDINE, J., filed a dissenting opinion.

BROWN, Chief Justice, dissenting.

I am not greatly disturbed by the result of this case, but rather by its ramifications.

The folk, whose return address is Box 400, Rawlins, Wyoming 82301, are playing games with the criminal justice system, and this court is their cheerleader. The game starts by the criminal defendant entering into a favorable plea bargain. Usually in the plea agreement some of the multiple charges are dismissed and/or the prosecution agrees not to urge a stiff penalty.[1]

In the next phase of the game, the convicted criminal lays low for a season. He enjoys hospitality of the penitentiary for a few months or years, depending on the circumstances. During this hiatus witnesses against the convicted felon die, leave the state or their memories become dim. During this same period of hibernation, the felon receives tidings to the effect that his rights were seriously violated when he pled guilty.

This court now sedulously enters the game and determines that the convicted person is entitled to a lawyer, at taxpayer's expense of course, to check out everything and see if he or she can possibly find error. The outcome of the game is uncertain. It may go on forever. Some criminal cases outlive most of the principals.

In its search for error, the majority has ignored some basic principles that we have set out in earlier cases. The post-conviction statutes provide relief only when deprivations of constitutional rights have occurred. *Munoz v. Maschner*, Wyo., 590 P.2d 1352, 1354 (1979). In reviewing a petition for post-conviction relief, the inquiry is limited to a determination of whether or not the defendant was denied

---

1. In exchange for a plea of guilty, the state dismissed three criminal charges against appellant.

the right to be represented by counsel, to have witnesses and to have a fair opportunity to prepare and present a defense. *Morgan v. State*, Wyo., 708 P.2d 1244, 1244–1245 (1985). Relief can be granted " * * * only in extraordinary circumstances where there is a likelihood that without it the defendant would not have been found guilty and the probability of the miscarriage of justice is strong. * * * " *Johnson v. State*, Wyo., 592 P.2d 285, 286, *cert. denied* 442 U.S. 932, 99 S.Ct. 2864, 61 L.Ed. 2d 300 (1979).

A post-conviction proceeding is not a substitute for an appeal. " * * * The remedy does not permit review of error which could or should have been brought by direct appeal. [Citation.]" *Hoggatt v. State*, Wyo., 606 P.2d 718, 722 (1980); see also, *State ex rel. Hopkinson v. District Court*, Teton County, Wyo., 696 P.2d 54, 64 (1985); and *Munoz v. Maschner*, supra, at 1354. In this case appellant did not take a direct appeal to the Wyoming Supreme Court, which was the proper forum for consideration of his allegations. The district court acted properly in dismissing the petition, since all of appellant's claims could or should have been raised on direct appeal.

When the legislature enacted the post-conviction relief statute, I am certain it did not intend that the statute be a substitute for an appeal, a second appeal, a substitute for a motion for a new trial or to correct an illegal sentence.

Under the authority of this case, it appears that there is no limitation on providing an attorney for a petitioner seeking post-conviction relief. If a petitioner alleges that he is tired of being in the joint and wants a lawyer to help him find a way out, under the authority of this case he is entitled to an attorney. This attorney must then search for and find irregularities. Surely, the legislature never intended that an incarcerated convict could assert any frivolous circumstance and automatically trigger the appointment of an attorney. One of the ramifications of this case is that the public defender will have to set up a branch office within the walls of the penitentiary. The public defender will need an enlarged staff to search for errors.

The court should resist the temptation to search for ways to reverse criminal convictions.

I would affirm.

CARDINE, Justice, dissenting, with whom BROWN, Chief Justice, joins.

I dissent.

The undisputed facts in this case are that appellant seized two little girls, twelve and fifteen years of age. He raped the fifteen year old. She escaped. Appellant then immediately left the area of his crime, taking the twelve-year-old girl with him. She has never been found. Speculation is that she was murdered. Appellant made a plea bargain in which he obtained a life sentence, thus avoiding the risk of a trial and death penalty. The majority now says that the trial court has no statutory discretion to refuse appointment of an attorney but must appoint an attorney at public expense to provide "thoughtful review" of appellant's plea bargain. I disagree. Appointment of an attorney is not mandatory in post-conviction relief proceedings. The legislature has said so in clear and unambiguous legislation. The United States Supreme Court has held there is no federal constitutional requirement that counsel be appointed in post-conviction relief.

In *Pennsylvania v. Finley*, —— U.S. ——, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), the United States Supreme Court stated:

"We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks to their convictions, see *Johnson v. Avery*, 393 U.S. 483, 488, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969), and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.

* * * * *

"Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and

it is in fact considered to be civil in nature. See *Fay v. Noia*, 372 U.S. 391, 423–424, 83 S.Ct. 822, 841, 9 L.Ed.2d 837 (1963). It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, cf. *United States v. MacCollom*, 426 U.S. 317, 323, 96 S.Ct. 2086, 2090–2091, 48 L.Ed.2d 666 (1976) (plurality opinion), and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.

\* \* \* \* \*

"On the contrary, in this area States have substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review."

Although the majority of this court suggests that denial of counsel for post-conviction relief may pose equal protection and due process constitutional problems, I do not perceive that to be correct. All applicants who bring their second appeal before the court under post-conviction relief are treated the same under the same statute. They have an absolute right to an attorney at public expense for their trial and for their first appeal to the Wyoming Supreme Court. The right to counsel for their second appeal under post-conviction relief depends upon a determination by the trial court that a reasonable person in their circumstance would employ counsel at his own expense to pursue post-conviction relief—hardly a denial of due process or equal protection, and this is especially true when the United States Supreme Court has said there is no constitutional right to counsel in post-conviction proceedings. The post-conviction relief petition must at least have some semblance of merit and otherwise satisfy the trial court before an attorney should be appointed.

The State of Wyoming, in the existing statutory and public defender scheme, provides at public expense as a matter of right for needy persons an attorney (a) for the preliminary hearing in county court; (b) an attorney for a guilty plea hearing; (c) an attorney for the jury trial in district court, and (d) an attorney for the appeal to the Wyoming Supreme Court. The attorney provided for appeal to the Wyoming Supreme Court is to search the record of the trial for constitutional error and other error of law.

Now this court holds that the State must always, in every case, provide an attorney for a post-conviction relief proceeding, as in this case, so that the attorney can again search the same record of the trial for constitutional error. It is even suggested that more than one post-conviction relief proceeding be available, and that for successive post-conviction relief proceedings, counsel must again be provided at public expense to present additional claims such as ineffective assistant of counsel. To most reasonable persons this may seem like an exhaustive, comprehensive, effective, detailed procedure that would assure that there had been a fair and impartial trial, an appeal and thoughtful review guaranteeing all constitutional rights. But it does not end here. The federal court system is still available for more thoughtful review of the trial record and search for error.

The cost and delay now built into the justice system is apparent. At a time when the state is struggling to balance its budget, this decision will add large sums to the cost of government. If the benefits of counsel in post-conviction relief were real, I would feel differently; but it is just another waste of taxpayer money. It ought to be eminently apparent that it is entirely appropriate that the legislature make some provision for refusing appointment of counsel in post-conviction relief cases that are without any merit at all and that present not even a faint hope of success or a possibility of a deprivation of a constitutional right. The legislature has attempted to do exactly this, but this court has a mind set against recognizing any legislation as realistic and sensible as that adopted by the legislature.

The legislative intent that the trial court determine in the first instance whether

counsel should be appointed or not was clear under the statutes existing at the time this proceeding was commenced. At the time of Long's petition in this case, the statutes of the state of Wyoming governing appointment of attorneys in post-conviction relief proceedings provided as follows:

a. Section 7–14–104, W.S.1977, in pertinent part:

"If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner [a needy person] has no means to procure counsel * * *."

b. Section 7–1–110, W.S.1977, enacted subsequent to § 7–14–104, supra, provides in pertinent part:

"(a) *A needy person* * * * *is entitled:*

* * * * *

"(c)(iii) *To be represented* in any other post conviction proceeding * * * *unless the court * * * determines that it is not a proceeding* that *a reasonable person with adequate means would be willing to bring at his own expense.*" (Emphasis added.)

The court in its opinion holds that § 7–1–110, supra, does not modify § 7–14–104, that § 7–1–110 is ineffective to govern the appointment of counsel, that § 7–1–110 will simply be ignored, and that counsel must always be appointed. That is a patently absurd result. There is no sound legal reasoning nor precedent that supports the result of this case. We must consider §§ 7–14–104 and 7–1–110 in pari materia, *Kuntz v. Kinne*, Wyo., 395 P.2d 286 (1964). And being cognizant of the fact that § 7–1–110 was enacted subsequent to § 7–14–104 and that it controls, *Johnson v. Safeway Stores, Inc.*, Wyo., 568 P.2d 908 (1977), and that its plain meaning is clear, I would conclude that appellant is entitled to court-appointed counsel for post-conviction relief only if: (1) he is indigent, and (2) if a reasonable person having his own money would use that money to pursue relief at his own expense as the statute provides.

If anyone doubted that the intent of the legislature was that the district court de-termine whether counsel should be appointed to represent the petitioner for post-conviction relief, that intent was made even more clear by the revision and reenactment of § 7–14–104 by the *1987 legislature* as follows:

"If requested in the petition, the court, subject to the provisions of W.S. 7–6–101 through 7–6–114, shall appoint the public defender to represent a petitioner who is determined to be a *needy person* as defined by W.S. 7–6–102(a)(iv)." (Emphasis added.)

Section 7–6–104(c)(iii) then provides that a *needy person* is *entitled to be represented unless* the court in which the proceeding is brought determines that *it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense.*

The court now suggests that § 7–6–104(c)(iii), will not be recognized by the court because a determination of who is a reasonable person for whom counsel should be appointed by the district court is "doomed to futility." The basis for that statement, according to the court, is that "[w]e do not perceive a way that a trial judge can introspectively but objectively develop adequate information about what 'a reasonable person with adequate means would be willing'" to do in any given instance. Consequently, the "standard for the determination is entirely subjective" says the court. I strongly disagree. This statute does not impose upon the trial court anything that is any more difficult than the myriad of other rulings and decisions addressed to a trial court's discretion. Simplistically stated, in determining whether counsel should be appointed, the court should consider the length of the applicant's sentence, the time already served, the situation of his confinement, i.e. whether trustee or otherwise, the time left to be served, the probability of early release or probation, and the merits of the application for post-conviction relief. I do not see these considerations as very subjective. Upon these objective facts the court must make a determination as to whether counsel should be appointed. It is much the

same as a medical doctor who finds a bone fracture from objective facts such as observation and x-ray and then must determine whether the fracture should be treated by open or closed reduction or cast or splinted. These are some judgment calls to be made, as with the district court judge. In post-conviction relief, if the applicant requests appointment of counsel, it is his duty to furnish to the court information in affidavit form sufficient for the court to ascertain whether appointment of counsel in his proceeding is appropriate and necessary under the statute.

Giving effect to the legislative enactment, by permitting the court to determine when appointment of counsel should be made in post-conviction relief proceedings, will benefit the citizens of this state, acknowledge and give force and effect to all statutes governing post-conviction relief, and result in a considerable saving of judicial resources and expense to the citizens of the state of Wyoming. The trial court will be able to identify meritless claims in post-conviction proceedings for which appointment of an attorney at public expense is not justified.

The reasonable person identified in § 7-1-110, supra, is a person in the same or similar circumstances as appellant with sufficient funds of his own with which to employ an attorney. Thus, for example, if the cost of an attorney were $5,000, and appellant had $5,000 that he could use for his own enjoyment, pleasure, and necessities, would he, in a case without merit or chance of success, expend it for an attorney's fee? He would probably not just give away his nest egg for nothing. I would assume that even in prison there are some benefits to having money. A reasonable person in the same or similar circumstances might conclude that he had not been deprived of a constitutional right that could be considered in post-conviction relief, that his claim was without merit, and would not expend his own funds to employ an attorney. The trial court could properly refuse appointed counsel for appellant in this situation.

I would require the trial courts, pursuant to the statutes in effect, to consider the showing made by a person claiming indigency and to ascertain in the exercise of its discretion under all the facts and circumstances of the case and the petition for post-conviction relief, whether requested counsel should be appointed.

In this case I would reverse and remand to the district court to develop facts and evidence sufficient to determine whether counsel should be appointed in this post-conviction relief proceeding.