**Robert ADEN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 87–232.**

Supreme Court of Wyoming.

Aug. 30, 1988.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender, and Carol A. Serelson, Appellate Counsel, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Paul S. Rehurek, Asst. Atty. Gen., Cheyenne, for appellee.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and BROWN, J.,* Retired.

THOMAS, Justice.

The sole question presented in this case is whether Aden is entitled to have counsel appointed to represent him in connection with his petition for post-conviction relief. Aden requested that counsel be appointed, but the district court denied his petition for post-conviction relief without appointing counsel. In accordance with recent cases, we reverse the order denying the petition for post-conviction relief and remand this case for further proceedings in accordance with this opinion.

In his brief, Aden states the issues to be:

"I. Was appellant denied due process by the failure of the district court to appoint an attorney to represent him in post-conviction relief?

"II. Did the district court err in dismissing appellant's petition for post-conviction relief?"

The State, in its Brief of Appellee, restated those issues in this way:

"I. Whether it was a denial of due process for the district court to dismiss the post-conviction petition without appointing counsel?

"II. Whether it was error for the district court to dismiss the petition without granting relief or holding an evidentiary hearing?"

This court previously affirmed Aden's conviction and sentence for first-degree arson. *Aden v. State*, 717 P.2d 326 (Wyo. 1986). After an unsuccessful effort to have his sentence reduced, Aden filed a

* Retired June 30, 1988.

Petition for Post-Conviction Relief, and, on the same day, he filed a Motion for Appointment of Counsel. In addition, he filed an appropriate affidavit of poverty. The district court did not appoint counsel and entered its Order Dismissing Petition for Post-Conviction Relief without a hearing on Aden's petition.

Section 7–14–104, W.S.1977 (June 1987 Repl.), provides:

"If requested in the petition, the court, subject to the provisions of W.S. 7–6–101 through 7–6–114, shall appoint the public defender to represent a petitioner who is determined to be a needy person as defined by W.S. 7–6–102(a)(iv)."

Section 7–6–104, W.S.1977 (June 1987 Repl.), which is among the statutes referred to by § 7–14–104, supra, provided in pertinent part:

"(a) A needy person who is * * * being detained under conviction of * * * a serious crime is entitled:

"(i) To be represented by an attorney to the same extent as a person having his own counsel is so entitled; and

> *   *   *   *   *   *

"(c) A needy person who is entitled to be represented by an attorney under subsection (a) of this section is entitled:

> *   *   *   *   *   *

"(iii) To be represented in any post-conviction proceeding or appeal therefrom under W.S. 7–14–101 through 7–14–108 unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense."

The record is silent with respect to the question of whether this post-conviction proceeding is "a proceeding that a reasonable person with adequate means would be willing to bring at his own expense * * *," and the trial court made no finding with respect to that statutory standard.

In *Alberts v. State*, 745 P.2d 898 (Wyo. 1987), we rejected the contention of the state that § 7–14–104, W.S.1977 (June, 1987 Repl.), was impliedly repealed by § 7–6–104, supra. Instead, we held that a

petitioner for post-conviction relief who is without means to procure counsel and who requests the appointment of counsel is entitled to have counsel represent him "commencing with the preparation of the petition for post-conviction relief." *Alberts v. State*, supra, 745 P.2d at 901. *Long v. State*, 745 P.2d 547 (Wyo.1987), was decided consistently with *Alberts v. State*, supra, and both were followed in *Fondren v. State*, 749 P.2d 767 (Wyo.1988).

In *Long v. State*, supra, the court questioned the constitutional viability of the statutory standard with respect to whether "a reasonable person with adequate means would be willing to bring [the proceeding] at his own expense * * *." We cannot address the constitutionality of that statutory provision in this instance for two reasons. First, it would be inappropriate to consider constitutionality when the record shows that the district court did not make the determination that the statute requires. Second, the legislature has amended § 7–14–104, W.S.1977 (June 1987 Repl.), in such a way that any determination of the constitutionality of the prior language would be moot. With an effective date of June 9, 1988, § 7–14–104, W.S.1977 (June 1987 Repl.), was amended so that it now reads:

"7–14–104. Appointment of Attorney

"(a) If requested in the petition, the court may appoint the public defender, or in the court's discretion a private attorney, to represent a petitioner who is determined by the court to be without any reasonable financial means to hire his own attorney.

"(b) Before appointing the public defender or a private attorney to represent a petitioner, the court shall determine that the petition:

"(i) Is not frivolous;

"(ii) Is a first petition under W.S. 7–14–101(b);

"(iii) Is not barred under W.S. 7–14–103; and

"(iv) Raises issues which cannot reasonably be presented by the petitioner without the assistance of an attorney."

Section 7–14–104, W.S.1977 (Cum. Supp.1988).

This amendment of the statute does not affect the error of the district court in failing to make the finding required under the statute which was the law at the time of its decision.

■ The general rule is that a reviewing court will apply the law in effect at the time of its decision unless that approach results in a manifest injustice or there is statutory direction or legislative history to the contrary. *Bradley v. School Board of City of Richmond, Virginia,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Campbell v. United States,* 809 F.2d 563, aff'd on remand 835 F.2d 193 (9th Cir. 1987); *Lee v. Flathead County,* 704 P.2d 1060 (Mont.1985); cf. *State Highway Commission v. Bourne,* 425 P.2d 59 (Wyo.1967) (amendment to W.R.C.P. with respect to the necessity of obtaining leave of court to serve a summons and complaint upon a third party would be applied to case on remand in the absence of prejudice to the third party). There is no indication in the statute or legislative history that the legislature did not intend the amendments to § 7–14–104 to apply to those cases pending on appeal at the time the statute came into effect. We can find no manifest injustice that will impact Aden by appraising his right to an attorney to assist him on his petition for post-conviction relief under the standard set forth in the amended statute. At the very least, the new version requires additional findings by the district court, and, upon remand, the determination of the issue of appointment of counsel should be made under the 1988 amendments to § 7–14–104.

■ We are cognizant of the provisions of § 8–1–107, W.S.1977, but this is an appropriate case in which to invoke the exception to the general rule that statutes will be construed to have prospective application only. The exception pertains to statutes relating to procedure and justifies retrospective application of such statutes. E.g., *State Highway Commission v. Bourne,* supra; *Mermis v. Weeden & Co.,* 8 Ariz.App. 166, 444 P.2d 524 (1968); *Jones v. Garrett,* 192 Kan. 109, 386 P.2d 194 (1963); and *Tellier v. Edwards,* 56 Wash.2d 652, 354 P.2d 925 (1960). See also 82 C.J.S. *Statutes* § 421 at 996 (1953), and cases cited. The legislative amendment is procedural in tenor. Because the standards it incorporates are more objective and, therefore, more rational than the standard found in § 7–6–104, W.S.1977, it should be followed in considering this case on remand.

Since we conclude that this case must be returned to the district court for further consideration with respect to the appointment of counsel, we do not reach or address the second issue with respect to the propriety of the dismissal of the petition. In *Cutbirth v. State,* 751 P.2d 1257 (Wyo. 1988), we discussed the scope of the questions that properly can be raised by a petition for post-conviction relief. Subsequently, § 7–14–103, W.S.1977 (June 1987 Repl.), has been amended by the legislature so that it now reads:

"7–14–103. Claims barred; applicability of act.

"(a) A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:

"(i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction;

"(ii) Was not raised in the original or an amendment to the original petition under this act; or

"(iii) Was decided on its merits or on procedural grounds in any previous proceeding which has become final.

"(b) Notwithstanding paragraph (a)(i) of this section, a court may hear a petition if:

"(i) The petitioner sets forth facts supported by affidavits or other credible evidence which was not known or reasonably available to him at the time of a direct appeal; or

"(ii) The court makes a finding that the petitioner was denied constitutionally effective assistance of counsel on his direct appeal. This finding may be reviewed by the supreme court together with any further action of the district court taken on the petition."

Section 7–14–103, W.S.1977 (Cum.Supp. 1988)

The effect of *Cutbirth v. State*, supra, and the statutory amendment must be considered initially by the district court.

This case is reversed, and it is remanded to the district court for further proceedings in accordance with the appropriate statutes.

THOMAS, J., delivered the opinion of the court.

BROWN, J., retired, filed a dissenting opinion.

BROWN, Justice,[1] dissenting.

I dissent.

In a series of recent cases this court has subverted the purposes and spirit of Wyoming's post-conviction relief scheme. *Fondren v. State*, 749 P.2d 767 (Wyo.1988); *Alberts v. State*, 745 P.2d 898 (Wyo.1987); *Long v. State*, 745 P.2d 547 (Wyo.1987). I dissented and joined Justice Cardine in his dissent in these cases. For the reasons stated in these three dissents I disagree with the majority in the present case.

This court has placed an unwarranted burden on the office of public defender and has effectively provided for yet a second appeal. The post-conviction relief act should be abolished.

---

1. Chief Justice, Retired, June 30, 1988.