2012 WY 55

**MULLINAX CONCRETE SERVICE COMPANY, a Wyoming corporation, Petitioner,**

v.

**Merlin and Lori ZOWADA and the Sheridan County Board of County Commissioners, Respondents.**

No. S–11–0213.

Supreme Court of Wyoming.

April 11, 2012.

Representing Respondent Sheridan County Board of County Commissioners: No Appearance.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1]  This case, concerning a petition for the establishment of a private road filed by the Zowadas, is before us for a second time, this time on a petition for writ of review.  In *Mullinax Concrete Service Co., Inc., v. Zowada (Mullinax I )*, 2010 WY 146, 243 P.3d 181 (Wyo.2010), we remanded the case to the district court for further remand to the Sheridan County Board of County Commissioners (the. Commission) to make adequate findings of fact on specific issues.[1]  *Id.* at ¶ 23, at 192. While the case was pending before this Court, the legislature amended Wyo. Stat. Ann. § 24–9–101 (LexisNexis 2005), which governs the procedure used when petitioning for the establishment of a private road.  On remand, the Commission and its hearing officer chose to apply the statute as amended in 2008 and 2009, although the case had originally proceeded under the statute as it existed in 2005.[2]  Mullinax petitioned this Court to determine whether the amended statute applies or whether the statute applies as it existed in 2005.  We hold that Wyo. Stat. Ann. § 24–9–101 as it existed in 2005 applies.

Representing Petitioner:    Anthony   T. Wendtland  and  Debra  J.  Wendtland  of Wendtland & Wendtland, LLP, Sheridan, Wyoming.  Argument by Ms. Wendtland.

Representing  Respondents  Merlin  and Lori Zowada:  Harlan W. Rasmussen of Attorneys at Law of Wyoming, P.C., Sheridan, Wyoming.

**ISSUES**

[¶ 2]  Whether, on remand to the Commission, Wyo. Stat. Ann. § 24–9–101 should be applied as it existed in 2005 or as it currently exists with the 2008 and 2009 amendments.

**FACTS**

[¶ 3]  The facts underlying the Zowadas' petition for establishment of a private road

1.   Since this was an appeal of an agency action, this Court was the second appellate court to hear the case.  The district court served as the appellate court in the first instance.

2.   Under the 2005 statute, the board of county commissioners was the only body that could act as the fact finder and issue a decision on a petition for a private road.  *See* Wyo. Stat. Ann. § 24–9–101 (LexisNexis 2005).  However, in

2008, the legislature amended the statute, allowing the board to "certify the application directly to the district court unless the board elects to retain jurisdiction."  Wyo. Stat. Ann. § 24–9–101(m) (LexisNexis Supp.2008).  In 2009, the legislature amended the statute again, giving the board thirty days to certify the case to the district court.  Wyo. Stat. Ann. § 24–9–101(h) (LexisNexis 2009).

and the Commission's original decision are described in detail in *Mullinax I*, 2010 WY 146, ¶¶ 4–15, 243 P.3d at 183–89, and will not be repeated here. In the first appeal, this Court recognized that, although the legislature made significant changes to Wyo. Stat. Ann. § 24–9–101 after the petition was filed, the proceedings were always guided by the statute as it existed in 2005. *Id.* at ¶ 4, at 183. We remanded the case and ordered the Commission to make adequate findings of fact regarding two of the road routes originally considered. *Id.* at ¶ 23, at 192.

[¶ 4] On remand, the hearing officer for the Commission requested briefing from both parties and found that Wyo. Stat. Ann. § 24–9–101, as amended in 2009, should apply to the proceedings going forward. Thereafter, instead of retaining jurisdiction and making the findings of fact as mandated by this Court, the Commission certified the matter to the district court for the remainder of the proceedings, as allowed by the 2008 and 2009 amendments to the statute. Mullinax filed a petition for writ of review with the district court, arguing that the 2005 version of the statute should continue to apply to the proceedings. The district court denied the petition. Mullinax then filed a petition for writ of review with this Court, which we granted.

## STANDARD OF REVIEW

[¶ 5] The question of whether a statute applies retroactively is a question of law and, "[a]s always, we review an agency's conclusions of law *de novo*[.]" *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 26, 188 P.3d 554, 561 (Wyo.2008). Therefore, "[w]e will affirm an agency's legal conclusion only if it is in accordance with the law." *Id.* at ¶ 26, at 562 (quoting *Diamond B Servs., Inc. v. Rohde*, 2005 WY 130, ¶ 12, 120 P.3d 1031, 1038 (Wyo.2005)).

## DISCUSSION

[¶ 6] Generally, "retrospective application of a statute to events occurring before enactment of a statute is not favored." *Johnson v. Safeway Stores, Inc.*, 568 P.2d 908, 914 (Wyo.1977). With one exception, this Court steadfastly applies this rule, and the rule has also been adopted by the legislature in a "savings statute." Wyo. Stat. Ann. § 8–1–107 (LexisNexis 2011) states:

> If a statute is repealed or amended, the repeal or amendment does not affect pending actions, prosecutions or proceedings, civil or criminal. If the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of action, prosecutions or proceedings existing at the time of the amendment or repeal, unless otherwise expressly provided in the amending or repealing act.

[¶ 7] The plain language of Wyo. Stat. Ann. § 8–1–107 means that an amendment to a statute will not affect pending actions, unless the legislature specifically states that it is to apply retroactively. *See Wyo. Ref. Co. v. Bottjen*, 695 P.2d 647, 650 (Wyo.1985). The legislature did not include language in the current version of Wyo. Stat. Ann. § 24–9–101 that would lead anyone to believe that the statute is to be applied retroactively. Additionally, the session laws for both the 2008 and 2009 amendments state that the amendments go into effect on July 1 of each respective year, and do not give any indication that the amendments should apply to pending actions. 2008 Wyo. Sess. Laws, ch. 58, § 1; 2009 Wyo. Sess. Laws, ch. 188, § 1. The legislature has not expressed that the amended provisions of Wyo. Stat. Ann. § 24–9–101 apply retroactively, and, therefore, under the general rule, the statute applies as it existed in 2005.

[¶ 8] Despite the general rule and the savings statute, there is one exception that may be applied under the appropriate circumstances. We have recognized that, if the amendment relates to procedure, it may be applied retroactively. *Aden v. State*, 761 P.2d 88, 90 (Wyo.1988); *see also Johnson*, 568 P.2d at 915. In *Aden*, the court determined that a statute may be applied retroactively without legislative direction when to do otherwise would "result[ ] in a manifest injustice." 761 P.2d at 90. The court held that, since the amendment to the statute in question was procedural, and the amended statute was more objective and rational than the

previous form of the statute, the amendment should be applied retroactively. *Id.*

■ [¶ 9] To determine whether the *Aden* exception applies, we must first determine whether the amendments to Wyo. Stat. Ann. § 24–9–101 are substantive or procedural in nature. As we have previously recognized, the distinction is not always clear. *State ex rel. Frederick v. Dist. Court of the Fifth Judicial Dist. in and for Big Horn Cnty.*, 399 P.2d 583, 585 (Wyo.1965). However, we have explained:

> " * * * The substantive law is that part which creates, defines, and regulates rights as opposed to adjective or remedial law, which prescribes the method of enforcing rights or obtaining redress for their invasion. * * * " *Mix v. Board of Com'rs of Nez Perce County*, 18 Idaho 695, 112 P. 215, 220 [ (1910) ]. "Courts generally agree in defining the terms 'substantive' and 'adjective' that 'substantive' law creates, defines, and regulates rights as opposed to 'adjective' or 'procedural' law which provides the method of enforcing and protecting such duties, rights, and obligations as are created by substantive law. * * * " In re McCombs' Estate, Ohio Prob., 80 N.E.2d 573, 586 [ (1948) ].

*Id.; see also In re Estate of Boyd,* 606 P.2d 1243, 1245 (Wyo.1980).

[¶ 10] The amendments to Wyo. Stat. Ann. § 24–9–101 do not establish a new right. The 2005 version of the statute gave an individual the right to request the establishment of a private road, and the amended statute provides for that same right. Instead, the amendments changed the procedure used to determine the validity of the petition and how the remedy is to be determined. Therefore, the amendments are procedural in nature, satisfying the first consideration of whether an amendment may be applied retroactively.

[¶ 11] However, although the amendment is procedural, we do not find that application of the *Aden* exception would be appropriate in this case because it would not prevent a "manifest injustice." 761 P.2d at 90. In fact, to apply the amended statute to this case on remand would lead to absurd results. In *Mullinax I,* we recognized that, while the

statute had been amended since the filing of the petition, the matter had proceeded under the 2005 version of the statute. Thus, our decision was guided by the 2005 statute. *Mullinax I,* 2010 WY 146, ¶ 4, 243 P.3d at 183. Additionally, the district court has already exercised its jurisdiction in this case in one capacity—that of an appellate court. To allow the district court to exercise jurisdiction over the same matter, now as the fact finding body, would certainly not cure a "manifest injustice" but, instead, may promote one. Finally, we remanded the case with specific instructions for *the Commission:*

> We are compelled to conclude that the Commission did not make adequate findings of fact, comparing the relative costs and benefits of Routes 1 and 6. Therefore, we remand this matter to the district court with directions that it modify its order remanding this matter to *the Commission* as follows:
>
> 1. *The Commission* need only compare the relative merits of Routes 1 and 6 in light of the circumstances in which *both* of the parties will be left.
>
> 2. If Route 6 is ultimately chosen, *the Commission* must fully consider why the greater costs of that road are justified. It must also obtain a before and after appraisal to consider in any award the damages to Mullinax.
>
> 3. . . . .
>
> *The Commission* may opt to take additional evidence in order to meet these requirements, but should be able to do so without the need to appoint new Viewers and Appraisers.

*Id.* at ¶ 23, at 192 (emphasis added). Therefore, the only body that is capable of carrying out the remand requirements ordered by this Court in *Mullinax I* is the Commission. We hold that the 2008 and 2009 amendments to Wyo. Stat. Ann. § 24–9–101 do not apply retroactively to this case on remand. The hearing officer erred, as a matter of law, when he determined that the 2009 statute applied. Under the 2005 statute, the Com-

mission did not have the authority to certify the matter to the district court.

## CONCLUSION

[¶ 12] The hearing officer's decision to apply Wyo. Stat. Ann. § 24–9–101 as it existed in 2009 was in error. While the amendments to the statute are procedural in nature, we find that the general rule against retroactive application of the amendment applies. The Commission did not have the authority to certify the matter to the district court. We reverse the district court's order denying Mullinax's petition for writ of review and remand the case to the district court to order the Commission to comply with the remand requirements this Court ordered in *Mullinax I*, 2010 WY 146, ¶ 23, 243 P.3d at 192.